Malone Jr., J.
Appeal from a judgment of the County Court of Franklin County (Clute, J.), rendered January 19, 2011, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fifth degree.
In satisfaction of a superior court information and other pending charges, defendant pleaded guilty to criminal possession of a controlled substance in the fifth degree. In addition, defendant agreed to pay restitution and executed a waiver of his right to appeal in open court. Although the People agreed to recommend a sentence of two years in prison followed by two years of post-release supervision, County Court informed defendant that it was making no commitment as to sentencing. Thereafter, County Court sentenced defendant, as a second felony offender, to three years in prison followed by two years of postrelease supervision and ordered him to pay restitution, including various surcharges. Defendant appeals.
Initially, we agree with defendant that the waiver of the right to appeal is invalid. Although “a trial court need not engage in any particular litany or catechism in satisfying itself that a defendant has entered a knowing, intelligent and voluntary appeal waiver, a trial court must make certain that a defendant’s understanding of the waiver ... is evident on the face of the record” (People v Bradshaw, 18 NY3d 257, 265 [2011] [internal quotation marks and citation omitted]). Here, in view of the fleeting reference to defendant’s appeal waiver and absence of any acknowledgment by defendant that he understood the ramifications of the waiver, we cannot conclude that he knowingly, voluntarily and intelligently waived his right to appeal (see People v Burton, 93 AD3d 949, 949 [2012], lv denied 19 NY3d 958 [2012]).
Turning to the merits, given that the amount of restitution was explicitly included in the plea agreement and defendant did not object to that amount or request a hearing, his challenge to the restitution order is not preserved for our review (see People v Dishaw, 81 AD3d 1035, 1037 [2011], lv denied 16 NY3d 858 [2011]; People v Giovanni, 53 AD3d 778, 778-779 [2008], lv denied 11 NY3d 832 [2008]). Similarly, defendant’s challenge to *1264 the 10% restitution surcharge is not preserved absent an objection at sentencing (see People v Snyder, 38 AD3d 1068, 1069 [2007]). Finally, given defendant’s extensive criminal history and the fact that County Court informed defendant during the plea colloquy of the maximum potential sentence, we find no abuse of discretion nor any extraordinary circumstances warranting a reduction of the sentence in the interest of justice (see People v Mosley, 87 AD3d 1179, 1179 [2011]; People v Qasem, 39 AD3d 960, 961 [2007], lv denied 10 NY3d 770 [2008]).
Mercure, J.P., Lahtinen, Stein and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.