Rose, J.
Appeals (1) from a judgment of the Supreme Court (Breslin, J.), rendered August 9, 2012 in Albany County, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the second degree, and (2) by permission, from an order of said court, entered February 8, 2013, which denied defendant’s motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.
Defendant entered a guilty plea to the reduced charge of criminal possession of a controlled substance in the second degree and waived his right to appeal. He was sentenced in accordance with the plea agreement to a prison term of three years followed by five years of postrelease supervision. Defendant’s subsequent pro se motion to vacate the judgment pursuant to CPL 440.10 was denied without a hearing. Defendant appeals from the judgment of conviction and, by permission, from the denial of his CPL article 440 motion.
Although defendant’s challenge to the voluntariness of his guilty plea survives his waiver of the right to appeal, he failed to preserve this issue by making a postallocution motion to withdraw his plea (see CPL 220.60 [3]; People v Easter, 122 AD3d 1073, 1073 [2014], lv denied 24 NY3d 1219 [2015]). Nor did he make any statements during the plea allocution that *1272 would trigger the narrow exception to the preservation requirement (see People v Lopez, 71 NY2d 662, 664-665 [1988]; see also People v Tyrell, 22 NY3d 359, 363-364 [2013]). In any event, our review of the plea allocution discloses that he was informed of the terms of the agreement and the trial-related rights that he was forgoing, and that he understood the consequences of his guilty plea. Further, he indicated that he had sufficient time to confer with counsel and had not been forced into pleading guilty, belying his present claims of coercion or undue pressure (see People v Morey, 110 AD3d 1378, 1379 [2013], lv denied 23 NY3d 965 [2014]). As for defendant’s waiver of appeal, we find that it was knowing, voluntary and intelligent (see People v Bradshaw, 18 NY3d 257, 264-265 [2011]; People v Ramos, 7 NY3d 737, 738 [2006]), which precludes his challenge to the sentence as harsh and excessive (see People v Lopez, 6 NY3d 248, 253 [2006]).
With regard to defendant’s claims that he received ineffective assistance of counsel, they survive his appeal waiver to the extent that they implicate the voluntariness of his plea, but they were not preserved by a postallocution motion (see People v Guyette, 121 AD3d 1430, 1432 [2014]). In any event, the record refutes his assertion that, due to counsel’s failures, he was unaware of the duration of postrelease supervision, the consequences of the plea and the nature of an appeal waiver or that he was, by pleading guilty, waiving his pending pretrial hearings (see People v Rodriguez, 118 AD3d 1182, 1183 [2014], lv denied 24 NY3d 964 [2014]). These matters were either explained by Supreme Court or defendant acknowledged that counsel had done so. Further, a review of the record as a whole reflects that counsel pursued pretrial motions and negotiated a very favorable plea deal, and that defendant received meaningful representation (see People v Henry, 95 NY2d 563, 565 [2000]).
Turning to Supreme Court’s summary denial of defendant’s CPL article 440 motion, his challenge to the indictment based upon the asserted lack of required signatures is not a jurisdictional defect that survives his guilty plea and appeal waiver. In any event, the face of the indictment was signed by the Assistant District Attorney, as was the accompanying backer, which was also signed by the grand jury foreperson, thus satisfying the statutory requirements (see CPL 200.50 [8], [9]; People v Burch, 97 AD3d 987, 988 [2012], lv denied 19 NY3d 1101 [2012]). Defendant’s guilty plea forfeited the claim that he was denied the right to testify before the grand jury and, even crediting his assertion that counsel failed to advise him of this *1273 right, which is not established, no prejudice is shown (see People v Carlton, 120 AD3d 1443, 1444 [2014]). Given the nature of the claims and defendant’s submissions, no hearing was required (see People v Satterfield, 66 NY2d 796, 799 [1985]).
Lahtinen, J.P., Devine and Clark, JJ., concur. Ordered that the judgment and order are affirmed.