## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  November 19, 2015                    106163

_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

PATRICK O'KEEFE,
                        Appellant.
_____


Calendar Date:  October 19, 2015

Before:  McCarthy, J.P., Rose, Devine and Clark, JJ.

_____

        John P.M. Wappett, Public Defender, Lake George (Glenn B. Liebert of counsel), for appellant.

        Kathleen B. Hogan, District Attorney, Lake George (Emilee B. Davenport of counsel), for respondent.

_____

Devine, J.

        Appeal from a judgment of the County Court of Warren County (Hall Jr., J.), rendered June 21, 2013, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.

        Defendant pleaded guilty to criminal sale of a controlled substance in the third degree and waived his right to appeal, with the understanding that he would be sentenced to five years in prison and three years of postrelease supervision.  County Court thereafter imposed the agreed-upon sentence and defendant now appeals.

    We affirm.  To the extent that defendant challenges the validity of his appeal waiver, the plea colloquy and the written waiver executed in open court demonstrate that he knowingly, intelligently and voluntarily waived the right to appeal his conviction and sentence (see People v Donah, 127 AD3d 1413, 1413 [2015]; People v Merrill, 123 AD3d 1339, 1339 [2014], lv denied 26 NY3d 970 [2015]).  Defendant's remaining contention, that his plea was involuntary, survives his appeal waiver but is not preserved for our review, as the record does not reflect that he made an appropriate postallocution motion (see People v Smith, 123 AD3d 1375, 1376 [2014], lv denied 26 NY3d 935 [2015]; People v Guyette, 121 AD3d 1430, 1431 [2014]).  Further, the narrow exception to the preservation rule is not implicated here, inasmuch as defendant did not make any statements during the plea colloquy that cast doubt upon his guilt or otherwise called into question the voluntariness of his plea (see People v Kormos, 126 AD3d 1039, 1040 [2015]; People v Skidds, 123 AD3d 1342, 1342-1343 [2014], lv denied 25 NY3d 992 [2015]).

    McCarthy, J.P., Rose and Clark, JJ., concur.


    ORDERED that the judgment is affirmed.




                        ENTER:

                        Robert D. Mayberger
                        Clerk of the Court