Supreme Court, Appellate Division
Third Judicial Department

Decided and Entered:  January 28, 2016                106890
                                                       107250
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                              MEMORANDUM AND ORDER

MATTHEW J. HALL,
                    Appellant.
_____

Calendar Date:  December 15, 2015

Before:  McCarthy, J.P., Egan Jr., Lynch and Clark, JJ.

_____

        Matthew J. Hall, Malone, appellant pro se.

        Kristy L. Sprague, District Attorney, Elizabethtown (James
E. Martineau Jr. of counsel), for respondent.

_____

Egan Jr., J.

        Appeals (1) from a judgment of the County Court of Essex
County (Meyer, J.), rendered May 16, 2014, convicting defendant
on his plea of guilty of the crime of grand larceny in the second
degree, and (2) by permission, from an order of said court,
entered December 24, 2014, which denied defendant's motion
pursuant to CPL 440.20 to set aside the sentence, without a
hearing.

        Pursuant to a written plea agreement, defendant waived
indictment and entered a guilty plea to grand larceny in the
second degree as charged in a superior court information.  The
charge stemmed from defendant's theft of cash from his employer
and two of its customers between 2006 and 2012.  Under the terms

of the plea agreement, defendant waived his right to appeal and agreed to pay restitution in the amount of $143,895.75; sentencing was left to the discretion of County Court. The court thereafter imposed a prison sentence of 5 to 15 years and ordered that defendant pay the agreed-upon restitution, with a surcharge. Defendant's subsequent motion to set aside the sentence pursuant to CPL 440.20 was denied, without a hearing. Defendant now appeals from both the judgment of conviction and, by permission, from the order denying his CPL 440.20 motion.

We affirm. Defendant's claim that the sentence imposed is harsh and excessive is precluded by his unchallenged oral and written waiver of appeal (see People v Smalls, 128 AD3d 1281, 1282 [2015]). With regard to the amount of restitution imposed, defendant expressly consented to pay the specified amount as part of the plea agreement and waived his right to a hearing; hence, any challenge to the amount ordered is both precluded by his appeal waiver and unpreserved for our review (see People v Campo, 125 AD3d 1058, 1059 [2015], lv denied 25 NY3d 1070 [2015]).

Defendant further argues that his motion pursuant to CPL 440.20 to set aside his sentence should have been granted because County Court imposed an impermissible amount of restitution without permitting him to withdraw his plea and, further, imposed a surcharge that was not included in the terms of the plea agreement.[1] With regard to the $15,000 statutory cap on restitution, it applies "[e]xcept upon consent of the defendant" (Penal Law § 60.27 [5] [a]). Here, as part of the plea agreement, defendant expressly agreed to the pay restitution and consented to the amount ordered after being advised of the cap and, thus, the restitution order did not violate Penal Law § 60.27 (5) (a). We similarly reject defendant's contention that the surcharge imposed on the restitution amount was illegal and violated the plea agreement, as a surcharge is mandatary under Penal Law § 60.27 (8). Further, given the affidavit submitted by the Acting Director of the Essex County Probation Department regarding the additional costs associated with administering this

---

[1] Defendant did not move to withdraw his guilty plea.

restitution order, a 10% surcharge was authorized by Penal Law
§ 60.27 (8) (see People v Pratt, 77 AD3d 1337, 1337-1338 [2010],
lv denied 15 NY3d 955 [2010]; compare People v Rawdon, 296 AD2d
599, 600 [2002], lv denied 98 NY2d 771 [2002]).  Finally,
contrary to defendant's claim, it is "not require[d] that a
defendant be advised, prior to his or her plea, that the
statutory surcharge is a part of the sentence" (People v Passino,
104 AD3d 1060, 1061 [2013], lv denied 22 NY3d 1157 [2014]
[internal quotation marks and citations omitted]).  Accordingly,
defendant's motion to set aside the sentence was properly denied
without a hearing (see CPL 440.30 [4]).

    McCarthy, J.P., Lynch and Clark, JJ., concur.


    ORDERED that the judgment and order are affirmed.




                    ENTER:



                    Robert D. Mayberger
                    Clerk of the Court