■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD S. GRUMBERG, Appellant. [62 NYS3d 199]—

Rumsey, J. Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered April 11, 2014, convicting defendant upon his plea of guilty of the crimes of criminal possession of a weapon in the third degree and grand larceny in the third degree.

During the course of an investigation, deputies with the Ulster County Sheriff's Office discovered that defendant was engaged in fraudulent motor vehicle transactions and that he was also selling firearms and ammunition. In March 2013, they executed a search warrant at his residence and recovered, among other things, various types of guns and semiautomatic weapons. As a result, defendant was charged in an indictment with criminal possession of a weapon in the third degree. This indictment was superseded by a second indictment charging

defendant with numerous additional crimes arising from the search, namely, criminal possession of a weapon in the second degree (one count), criminal possession of a weapon in the third degree (six counts), criminal possession of a weapon in the fourth degree (three counts) and criminal sale of a weapon in the third degree (three counts). In addition, as part of a separate ongoing fraud investigation, defendant was charged in a third indictment with grand larceny in the third degree, grand larceny in the fourth degree and scheme to defraud in the first degree. In satisfaction of all outstanding charges, defendant pleaded guilty to criminal possession of a weapon in the third degree as charged in the second indictment and grand larceny in the third degree as charged in the third indictment. He also waived his right to appeal, both orally and in writing. In accordance with the terms of the plea agreement, defendant was sentenced to two years in prison to be followed by three years of postrelease supervision on his conviction of criminal possession of a weapon in the third degree and 2 to 6 years in prison on his conviction of grand larceny in the third degree, which sentences were to run consecutively. In addition, with respect to his grand larceny conviction, he was ordered to pay restitution in the amount of $200,000. Defendant now appeals.

Initially, defendant contends that his guilty plea was not knowing, voluntary and intelligent because County Court misinformed him of the sentence that he would receive under the terms of the plea agreement. Although this claim is not precluded by defendant's valid waiver of the right to appeal, it is unpreserved for our review as the record does not disclose that defendant made an appropriate postallocution motion (*see People v O'Keefe*, 133 AD3d 1034, 1035 [2015], *lv denied* 26 NY3d 1148 [2016]; *People v Broomfield*, 128 AD3d 1271, 1271 [2015], *lv denied* 26 NY3d 1086 [2015]). Moreover, the narrow exception to the preservation requirement is inapplicable as defendant did not make any statements during the plea colloquy that cast doubt upon his guilt (*see People v O'Keefe*, 133 AD3d at 1035; *People v Broomfield*, 128 AD3d at 1271-1272). In any event, even if we were to consider defendant's claim, we would find it to be without merit as the record reveals that County Court accurately informed defendant of the agreed-upon sentence, imposed the very same sentence and also advised defendant of the maximum sentence that he faced if convicted after trial.

Defendant further argues that the 11-month delay between the initial indictment and his guilty plea violated his constitutional right to a speedy trial. We note that this claim is also

not foreclosed by his valid waiver of the right to appeal or his guilty plea (*see People v Tuper*, 118 AD3d 1144, 1146 [2014], *lv denied* 25 NY3d 954 [2015]; *People v Archie*, 116 AD3d 1165, 1165 [2014]). Nevertheless, it too is unpreserved given that defendant did not raise this claim before County Court and it does not implicate the mode of proceedings exception to the preservation rule (*see People v Wright*, 119 AD3d 972, 973-974 [2014]; *People v Archie*, 116 AD3d at 1165). Furthermore, the record has not been sufficiently developed to permit adequate review of this issue (*see People v Worthy*, 138 AD3d 1042, 1043 [2016], *lv denied* 28 NY3d 939 [2016]; *People v Card*, 107 AD3d 820, 820 [2013], *lv denied* 21 NY3d 1072 [2013]).

Lastly, defendant challenges County Court's award of restitution in the amount of $200,000 on his grand larceny conviction and its imposition of a 10% surcharge. Significantly, the record reveals that defendant was well aware of the amount of restitution to be ordered and that it was specifically made a part of the plea agreement. Thus, defendant's challenge to the amount of the award is precluded by his valid waiver of the right to appeal and is also unpreserved given his failure to request a restitution hearing or otherwise contest the amount at sentencing (*see People v Hall*, 135 AD3d 1246, 1246 [2016], *lv denied* 27 NY3d 998 [2016]; *compare People v Ortiz*, 148 AD3d 1291, 1292 [2017]). Although defendant's challenge to the 10% surcharge has also not been preserved due to his failure to object at sentencing (*see People v Rolley*, 100 AD3d 1263, 1263-1264 [2012]), we nevertheless find it appropriate to exercise our interest of justice jurisdiction under the circumstances presented (*see People v Nesbitt*, 144 AD3d 1329, 1330 [2016]). Contrary to the provisions of Penal Law § 60.27 (8), the record does not include an affidavit indicating that the cost of collection and administration of the restitution imposed on the grand larceny conviction exceeded 5% of the amount awarded, as is necessary to justify the imposition of a 10% surcharge (*see People v Smith*, 121 AD3d 1297, 1300 [2014], *lv denied* 25 NY3d 1172 [2015]; *People v Rawdon*, 296 AD2d 599, 600 [2002], *lv denied* 98 NY2d 771 [2002]; *compare People v Lindsey*, 80 AD3d 1005, 1006-1007 [2011]). Therefore, the judgment must be modified accordingly.

McCarthy, J.P., Garry, Clark and Mulvey, JJ., concur. Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reversing so much thereof as imposed a 10% collection surcharge on the $200,000 amount of restitution; collection surcharge reduced to 5% of the amount of restitution actually collected; and, as so modified, affirmed.