People v Perry (2019 NY Slip Op 00504)





People v Perry


2019 NY Slip Op 00504


Decided on January 24, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 24, 2019

109058

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
BERNARD F. PERRY, Appellant.

Calendar Date: January 4, 2019

Before: Garry, P.J., Egan Jr., Lynch, Devine and Aarons, JJ.


Dana L. Salazar, East Greenbush, for appellant.
Craig P. Carriero, District Attorney, Malone (Jennifer M. Hollis of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Franklin County (Richards, J.), rendered December 2, 2016, convicting defendant upon his plea of guilty of the crime of attempted assault in the second degree.
Defendant waived indictment, pleaded guilty to the reduced charge of attempted assault in the second degree and waived his right to appeal. He was sentenced as a second felony offender to a prison term of 2 to 4 years and was ordered to pay $7,312 in restitution. Defendant appeals.
Defendant contends that his challenge to the imposition of restitution survives his waiver of the right to appeal because it was not part of the plea agreement and that, in ordering restitution, County Court imposed an enhanced sentence without giving him an opportunity to withdraw his plea. We disagree. Contrary to defendant's contention, the plea agreement, which was reduced to writing, contemplated the imposition of restitution. At the commencement of the plea proceeding, the People initially indicated that no restitution would be requested because there was no response to inquiries pertaining to the amount of restitution sought by the victim. During the colloquy, but prior to defendant entering a waiver of the right to appeal or pleading guilty, the People provided to both County Court and defense counsel a recently-received fax regarding the amount of restitution sought in connection with the cost of dental services incurred by the victim as a result of the crime. Defendant then proceeded to waive his right to appeal and enter a guilty plea to attempted assault in the second degree. County Court sentenced defendant and imposed the requested amount of restitution.
Under the circumstances, we are unpersuaded that the waiver of the right to appeal is inapplicable to defendant's challenge regarding the restitution imposed. As the record demonstrates that County Court adequately explained, and defendant acknowledged that he understood, that the waiver of the right to appeal was separate and distinct from the rights automatically forfeited by the guilty plea, we find that the appeal waiver was knowingly, [*2]voluntarily and intelligently entered (see People v Bradshaw, 18 NY3d 257, 264-265 [2011]; People v Lopez, 6 NY3d 248, 256-257 [2006]; People v Lyman, 119 AD3d 968, 969 [2014], lv denied 27 NY3d 1153 [2016]). As such, the valid appeal waiver precludes his challenge to the restitution imposed (see People v Knight, 164 AD3d 957, 958 [2018], lv denied 32 NY3d 1005 [2018]; People v Grumberg, 153 AD3d 1525, 1527 [2017]). Even if defendant's challenge to the restitution was not precluded by the valid appeal waiver, it is nevertheless unpreserved for our review due to his failure to request a hearing or object to the amount at sentencing (see People v Schrom, 159 AD3d 1136, 1137 [2018], lv denied 31 NY3d 1087 [2018]; People v Grumberg, 153 AD3d at 1527).
Garry, P.J., Egan Jr., Lynch, Devine and Aarons, JJ., concur.
ORDERED that the judgment is affirmed.