People v Bonfey (2020 NY Slip Op 03694)





People v Bonfey


2020 NY Slip Op 03694


Decided on July 2, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 2, 2020

110259

[*1]The People of the State of New York, Respondent,
v
Michael B. Bonfey, Appellant.

Calendar Date: June 9, 2020

Before: Lynch, J.P., Devine, Aarons, Pritzker and Reynolds Fitzgerald, JJ.


Thomas F. Garner, Middleburgh, for appellant.
Kelli P. McCoski, District Attorney, Fonda (Peter M. Califano of counsel), for respondent.



Devine, J.
Appeal from a judgment of the County Court of Montgomery County (Catena, J.), rendered March 16, 2018, convicting defendant upon his plea of guilty of the crime of grand larceny in the fourth degree (two counts).
Defendant was charged in an indictment with two counts of grand larceny in the fourth degree after he stole power equipment, valued at over $1,000, from a hardware store. He pleaded guilty to the indictment upon the understanding that County Court would impose concurrent prison terms of 1½ to 3 years and would order him to pay restitution of approximately $4,000.[FN1] Defendant was sentenced as a second felony offender to the promised prison term and ordered to pay restitution in the amount of $4,572.50. Defendant appeals.
Defendant contends that County Court erred in failing to conduct a restitution hearing pursuant to Penal Law § 60.27 to determine the amount of restitution to be awarded. He has, however, failed to preserve this claim for our review as he never requested a restitution hearing and went along with the amount of restitution awarded by County Court at sentencing (see People v Drake, 179 AD3d 1221, 1222 [2020], lv denied 35 NY3d 941 [2020]; People v Waldron, 176 AD3d 1260, 1261 [2019]), which was based on information contained in the presentence investigation report. His assertion that County Court improperly added a 10% surcharge to the restitution award is also unpreserved (see People v Grumberg, 153 AD3d 1525, 1527 [2017]). The People concede, and our review of the record confirms, that the proper amount of restitution was $3,778.93, plus the 10% surcharge of $377.89, making for a total restitution award of $4,156.82, not $4,572.50, as ordered by County Court. Thus, notwithstanding defendant's failure to preserve his challenges to the restitution award, we deem it appropriate under the circumstances presented to exercise our interest of justice jurisdiction and reduce the award accordingly (see People v Dunn, 160 AD3d 1202, 1203 [2018]; People v Grumberg, 153 AD3d at 1527).
Lynch, J.P., Aarons, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the amount of restitution to $4,156.82, and, as so modified, affirmed.



Footnotes

Footnote 1: The record reflects, and the People acknowledge, that defendant did not waive his right to appeal.