People v Botts (2021 NY Slip Op 00594)





People v Botts


2021 NY Slip Op 00594


Decided on February 4, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 4, 2021

110152

[*1]The People of the State of New York, Respondent,
v
God Islam Botts, Appellant.

Calendar Date: January 13, 2021

Before: Egan Jr., J.P., Clark, Pritzker, Reynolds Fitzgerald and Colangelo, JJ.


Erin C. Morigerato, Albany, for appellant, and appellant pro se.
P. David Soares, District Attorney, Albany (Jonathan P. Catania of counsel), for respondent.



Clark, J.
Appeal from a judgment of the Supreme Court (Breslin, J.), rendered January 9, 2018 in Albany County, convicting defendant upon his plea of guilty of the crime of burglary in the first degree.
In July 2017, defendant and his codefendant were charged, in a 21-count indictment, with various crimes for unlawfully entering and burglarizing a residence in Albany County. In satisfaction of the 17 counts against him, defendant pleaded guilty to burglary in the first degree and agreed to waive his right to appeal. In accordance with the terms of the plea agreement, defendant was sentenced, as a second violent felony offender, to a prison sentence of 13 years, followed by five years of postrelease supervision. Defendant appeals.
We affirm. Supreme Court made clear that the waiver of the right to appeal was a condition of the plea bargain, adequately distinguished the right to appeal as separate and apart from the trial-related rights forfeited by virtue of the guilty plea, and confirmed with defendant that he understood the waiver and its consequences. Additionally, defendant executed a written appeal waiver, after having an opportunity to review it with defense counsel, and assured the court that he understood it. In view of foregoing, we find that defendant knowingly, voluntarily and intelligently waived his right to appeal (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Hammond, 186 AD3d 1836, 1836-1837 [2020]; People v Taft, 169 AD3d 1266, 1266-1267 [2019], lv denied 33 NY3d 1074 [2019]). Given the valid appeal waiver, defendant's challenge to the sentence as harsh and excessive is foreclosed (see People v Lopez, 6 NY3d at 256; People v Burnett, 186 AD3d 1837, 1838 [2020], lv denied ___ NY3d ___ [Dec. 8, 2020]; People v Purnell, 186 AD3d 1834, 1834-1835 [2020], lv denied ___ NY3d ___ [Dec. 10, 2020]).
Defendant's challenge to the voluntariness of the plea survives the valid appeal waiver, but is unpreserved for our review as the record does not reflect that he made an appropriate postallocution motion (see People v Apelles, 185 AD3d 1298, 1299 [2020], lv denied 35 NY3d 1092 [2020]; People v Gumbs, 182 AD3d 701, 702 [2020], lv denied 35 NY3d 1066 [2020]). Furthermore, the narrow exception to the preservation requirement was not implicated as the record does not disclose that defendant made any statements during the plea colloquy or at sentencing that cast doubt upon his guilt or otherwise called into question the voluntariness of the plea (see People v Rodriguez, 185 AD3d 1233, 1235 [2020], lv denied ___ NY3d ___ [Dec. 15, 2020]; People v Gumbs, 182 AD3d at 702). Defendant's contention that he was denied the effective assistance of counsel is precluded by the valid appeal waiver except to the extent that it impacts the voluntariness of the plea, but is also unpreserved for our review in the absence of an appropriate postallocution motion (see People v Harrington, 185 AD3d 1301, 1302 [2020]; People v Vilbrin, 183 AD3d 1012, 1013 [2020[*2]], lv denied 35 NY3d 1049 [2020]).
Defendant also challenges the factual sufficiency of the indictment, claiming, among other things, that the indictment was based upon hearsay evidence and the requisite intent required for the conviction was lacking. Defendant's challenges to the sufficiency of the indictment, however, were waived by his guilty plea (see People v McDonald, 165 AD3d 1327, 1328 [2018], lv denied 32 NY3d 1175 [2019]; People v Rivera, 164 AD3d 1573, 1574-1575 [2018], lv denied 32 NY3d 1177 [2019]). Furthermore, his challenges to the sufficiency of the plea were waived by the valid appeal waiver (see People v McDonald, 165 AD3d at 1328; People v Rodriguez, 154 AD3d 1013, 1014 [2017]). Defendant's remaining contentions, to the extent not specifically addressed, have been examined and lack merit.
Egan Jr., J.P., Pritzker, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.