People v Daniels (2021 NY Slip Op 02190)





People v Daniels


2021 NY Slip Op 02190


Decided on April 8, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:April 8, 2021

108336
[*1]The People of the State of New York, Respondent,
v
Marc Daniels, Appellant.

Calendar Date:March 9, 2021

Before:Garry, P.J., Lynch, Clark, Pritzker and Colangelo, JJ.

Donna Maria Lasher, Youngsville, for appellant.
David J. Clegg, District Attorney, Kingston (Joan Gudesblatt Lamb of counsel), for respondent.



Pritzker, J.
Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered December 4, 2015, convicting defendant upon his plea of guilty of the crime of burglary in the second degree.
In satisfaction of a three-count indictment, defendant pleaded guilty to burglary in the second degree and purportedly waived his right to appeal. Defendant entered the plea with the understanding that County Court would sentence him, as a second felony offender, to seven years in prison to be followed by five years of postrelease supervision, and further order him to pay $465 in restitution. County Court did so, and defendant appeals.
We affirm. Initially, defendant's challenge to the validity of his appeal waiver is unpersuasive. Defendant assured County Court during the plea colloquy that he had been given sufficient time to discuss the plea agreement with counsel and was voluntarily pleading guilty. County Court then set forth the rights automatically forfeited by a guilty plea and explained that, separate from those rights, defendant also had a right to appeal that he was expected to waive as a term of the plea agreement. Defendant stated that he understood both that expectation and County Court's detailed explanation of the nature of the right to appeal, then made clear that he was willing to give the right up. Defendant proceeded to sign a detailed written waiver, which he had reviewed with defense counsel and accurately advised him of the types of issues that were encompassed by it, in open court. Although defendant suggests that County Court could have conducted further inquiry on his decision to waive the right to appeal, "there is no mandatory litany that must be used in order to obtain a valid waiver of appellate rights," and we are satisfied from this record that defendant's waiver was knowing, intelligent and voluntary (People v Johnson, 14 NY3d 483, 486 [2010]; see People v Thomas, 34 NY3d 545, 564 [2019]; People v Thomas, 190 AD3d 1157, 1158-1159 [2021]; People v Williams, 185 AD3d 1352, 1353 [2020], lv denied 35 NY3d 1116 [2020]).
Defendant's further challenge to the voluntariness of his plea survives his valid appeal waiver, but is unpreserved given his apparent failure to make an appropriate postallocution motion despite having had ample time to do so (see People v Conceicao, 26 NY3d 375, 381-382 [2015]; People v Botts, 191 AD3d 1044, 1045 [2021]; People v Apelles, 185 AD3d 1298, 1299 [2020], lv denied 35 NY3d 1092 [2020]). As defendant made no "statements during the plea colloquy or at sentencing that cast doubt upon his guilt or otherwise called into question the voluntariness of his plea," the narrow exception to the preservation requirement was not implicated (People v Botts, 191 AD3d at 1445; see People v Apelles, 185 AD3d at 1299). To the contrary, defendant was well aware of the terms of the plea agreement and the sentence to be imposed under it, and he "affirmatively 'indicated that he had sufficient time to confer [*2]with counsel and had not been forced into pleading guilty, [thus] belying his present claims of coercion or undue pressure'" (People v Smith, 155 AD3d 1244, 1245 [2017], quoting People v Broomfield, 128 AD3d 1271, 1272 [2015], lv denied 26 NY3d 1086 [2015]).
Defendant's challenge to the sentence as harsh and excessive is foreclosed by his valid appeal waiver (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Botts, 191 AD3d at 1045). Defendant's attack upon the restitution order is unpreserved absent any demand for a hearing or objection at sentencing and, in light of his awareness of the restitution amount when he pleaded guilty, is also precluded by his appeal waiver (see People v Bonfey, 185 AD3d 1091, 1091-1092 [2020]; People v Grumberg, 153 AD3d 1525, 1527 [2017]). Finally, defendant's complaint about the conditional imposition of a 10% surcharge on the restitution award is unpreserved and, in any event, lacks merit given the lack of indication that the surcharge took effect (cf. People v Grumberg, 153 AD3d at 1527).
Garry, P.J., Lynch, Clark and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.