People v Boudier (2021 NY Slip Op 04933)





People v Boudier


2021 NY Slip Op 04933


Decided on September 2, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:September 2, 2021

111882
[*1]The People of the State of New York, Respondent,
v
Eladio Boudier, Appellant.

Calendar Date:August 19, 2021

Before:Egan Jr., J.P., Lynch, Clark, Aarons and Reynolds Fitzgerald, JJ.

Clea Weiss, Ithaca, for appellant.
David J. Clegg, District Attorney, Kingston (Joan Gudesblatt Lamb of counsel), for respondent.



Reynolds Fitzgerald, J.
Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered August 29, 2019, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.
Defendant was charged in an indictment with multiple crimes, including criminal possession of a controlled substance in the third degree, after it was discovered that he arranged for a female visitor to bring drugs into the correctional facility where he was incarcerated. The People extended an initial plea offer under which defendant would plead guilty to attempted promoting prison contraband in the first degree in satisfaction of all charges, waive his right to appeal and be sentenced to a prison term of 2 to 4 years, to run consecutively to the sentence that he was then serving. During prolonged proceedings before County Court, defendant repeatedly rejected this plea offer. County Court repeatedly warned defendant that the plea offer would be withdrawn if he did not accept it and advised him of the potential sentences that he could face if convicted after trial, including a possible sentence of 25 years to life in prison if the court deemed him to be a persistent felony offender.
During the pendency of the proceedings, defendant was charged in a second indictment with promoting prison contraband in the first degree. In view of this, the People extended a revised plea offer under which defendant would plead guilty to criminal possession of a controlled substance in the third degree in satisfaction of charges contained in both indictments, waive his right to appeal and be sentenced as a second felony offender to two years in prison followed by three years of postrelease supervision, to run consecutively to the sentence that he was then serving. County Court again advised defendant of the various sentencing possibilities that he faced if he did not accept the plea and was convicted after trial, including being sentenced as a persistent felony offender to 25 years to life in prison. Defendant ultimately accepted the offer, pleaded guilty to criminal possession of a controlled substance in the third degree and waived his right to appeal. Based on statements that defendant made during the preparation of the presentence investigation report, County Court asked defendant at sentencing if he wanted to withdraw his plea and again informed him of his potential lengthy sentencing exposure if convicted after trial. Defendant indicated that he understood the ramifications of his guilty plea, did not wish to withdraw it and was not forced to plead guilty. In accordance with the terms of the plea agreement, County Court sentenced defendant as a second felony offender to two years in prison, followed by three years of postrelease supervision, to run consecutively to the sentence that he was then serving. Defendant appeals.
Defendant challenges the voluntariness of his guilty plea and asserts that he was coerced into pleading [*2]guilty by the series of implicit threats that County Court made regarding the sentence that he would receive if he were convicted after trial. Although not precluded by his unchallenged waiver of the right to appeal, defendant's claim has not been preserved for our review as the record does not reflect that he made an appropriate postallocution motion despite having an opportunity to so do (see People v Daniels, 193 AD3d 1179, 1180 [2021]; People v Gamble, 190 AD3d 1022, 1024 [2021], lvs denied 36 NY3d 1095, 1097, 1098 [2021]). Moreover, the narrow exception to the preservation rule is inapplicable "as defendant did not make any statements during the plea colloquy or at sentencing that cast doubt upon his guilt, negated an element of the charged crime or otherwise called into question the voluntariness of his plea" (People v Aponte, 190 AD3d 1031, 1032 [2021], lvs denied 37 NY3d 953, 959, 960 [2021]; see People v Botts, 191 AD3d 1044, 1045 [2021], lv denied 36 NY3d 1095 [2021]; People v Feltz, 190 AD3d 1027, 1028 [2021]). Significantly, the record reflects that, on more than one occasion, defendant related to County Court that he fully understood the terms of the plea agreement and was entering his plea voluntarily. He confirmed at sentencing that he did not wish to withdraw his plea. Defendant's own actions contradict his claim that his plea was induced by coercion and undue pressure (see People v Daniels, 193 AD3d at 1180; People v Smith, 155 AD3d 1244, 1245 [2017]). Consequently, we find no reason to disturb the judgment of conviction.
Egan Jr., J.P., Lynch, Clark and Aarons, JJ., concur.
ORDERED that the judgment is affirmed.