People v Dickerson (2021 NY Slip Op 05895)





People v Dickerson


2021 NY Slip Op 05895


Decided on October 28, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:October 28, 2021

110591 110755 112399
[*1]The People of the State of New York, Respondent,
v
Raymond S. Dickerson, Appellant.

Calendar Date:September 17, 2021

Before:Garry, P.J., Egan Jr., Lynch, Clark and Pritzker, JJ.

Karen A. Leahy, Cortland, for appellant.
Michael A. Korchak, District Attorney, Binghamton (Rita M. Basile of counsel), for respondent.



Clark, J.
Appeals (1) from a judgment of the County Court of Broome County (Dooley, J.), rendered June 28, 2018, convicting defendant upon his plea of guilty of the crime of unlawful manufacture of methamphetamine in the third degree, (2) from a judgment of said court, rendered October 12, 2018, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a controlled substance in the second degree, and (3) by permission, from an order of said court, entered July 1, 2020, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgments of conviction, without a hearing.
In March 2018, defendant pleaded guilty as charged in a one-count indictment (hereinafter the first indictment) to unlawful manufacture of methamphetamine in the third degree, and executed a written waiver of appeal. Defendant was promised a sentence of five years of probation in exchange for his guilty plea and, pending sentencing, he was released on bail. In May 2018, based upon defendant's conduct and resulting arrest in April 2018, defendant was indicted on the charges of criminal possession of a controlled substance in the second degree, unlawful manufacture of methamphetamine in the second degree, unlawful disposal of methamphetamine laboratory material and tampering with physical evidence (hereinafter the second indictment). County Court determined that it was not bound by the plea agreement entered in the first indictment and sentenced defendant, as an acknowledged second felony offender, to a prison term of three years, followed by two years of postrelease supervision.
With regard to the second indictment, County Court issued a decision on defendant's omnibus motion which, among other things, denied his motion to suppress the physical evidence found in defendant's home upon execution of a search warrant. Following certain pretrial hearings, defendant proceeded to trial, at which a State Police investigator testified to the evidence seized from defendant's residence, including fluid taken from the p-trap in the kitchen sink drain. A forensic scientist who analyzed that fluid testified that the fluid contained methamphetamine and had an aggregate weight in excess of two ounces. At the close of the People's proof, defense counsel unsuccessfully moved for dismissal of count 1 of the second indictment charging criminal possession of a controlled substance in the second degree, arguing that the People had failed to prove that the aggregate weight of the fluid exceeded two ounces because extraneous foreign matter was also in the p-trap. Defendant thereafter pleaded guilty to the reduced crime of attempted criminal possession of a controlled substance in the second degree in satisfaction of all charges in the second indictment, and executed a written waiver of appeal. In accordance with the terms of the plea agreement, defendant was sentenced, as an acknowledged second felony offender, to a prison term of eight years, followed by five [*2]years of postrelease supervision, to run concurrently with the sentence imposed under the first indictment.
Defendant thereafter moved to vacate both judgments of conviction pursuant to CPL 440.10. As to the first indictment, defendant asserted that his guilty plea was not knowing, voluntary and intelligent and, as to the second indictment, he alleged that he had been denied the effective assistance of counsel at trial. County Court denied the motion, without a hearing. Defendant appeals from both judgments and, with permission, from the order denying his CPL 440.10 motion.
Defendant contends that his guilty plea to the sole count in the first indictment was not knowing, voluntary and intelligent in that the indictment did not specify what laboratory equipment and precursors, chemical reagents or solvents he was accused of possessing. He relatedly argues that the People's response to his bill of particulars was inadequate because it failed to provide this information, rendering his plea unknowing. The record reflects that defense counsel requested discovery and a bill of particulars seeking, among other things, this information (see Penal Law § 220.73 [1]). The People's response contained some of the requested information, but did not specify the items of laboratory equipment or the precursors, chemical reagents or solvents that defendant allegedly possessed. Defendant thereafter filed an omnibus motion again seeking, among other relief, discovery and an order directing the People to provide a further bill of particulars, arguing that the People had failed to substantively answer the first request for a bill of particulars. However, defendant pleaded guilty before the People responded to that motion.
Defendant's primary challenge — to the voluntariness of his plea — survives his unchallenged waiver of appeal but is unpreserved for our review as the record does not reflect that he made a postallocution motion to withdraw his guilty plea on this ground, despite ample opportunity to do so (see CPL 220.60 [3]; People v Conceicao, 26 NY3d 375, 381-382 [2015]). Further, the narrow exception to the preservation requirement was not triggered (see People v Daniels, 193 AD3d 1179, 1180 [2021]; People v Botts, 191 AD3d 1044, 1045 [2021], lv denied 36 NY3d 1095 [2021]). Were we to address this claim despite the lack of preservation, we would find that defendant elected to plead guilty in exchange for the promised sentence and to forgo his pending motions and, as such, made a "knowing, voluntary and intelligent choice among alternative courses of action" (People v Conceicao, 26 NY3d at 382 [internal quotation marks and citation omitted]).
Defendant's further challenge to the sufficiency of the factual allegations in the first indictment, and to alleged deficiencies in the People's response to his bill of particulars, are nonjurisdictional defects that were waived by his guilty plea and waiver of appeal (see People v Guerrero, 28 NY3d 110, 115-[*3]116 [2016]; People v Williams, 189 AD3d 1978, 1981 [2020]; People v Seymore, 188 AD3d 1767, 1768 [2020], lv denied 36 NY3d 1100 [2021]; People v Contento, 146 AD2d 959, 961 [1989]). Defendant's challenge to the factual sufficiency of the plea allocution is similarly precluded by the waiver of appeal (see People v Apelles, 185 AD3d 1298, 1299 [2020], lv denied 35 NY3d 1092 [2020]). Contrary to defendant's claim, the first indictment specifically cited to Penal Law § 220.73 (1), charged all of the elements of the crime and alleged acts that constitute a crime; thus, it was not defective (see People v West, 189 AD3d 1981, 1983 [2020], lv denied 37 NY3d 975 [2021]; People v Mathis, 185 AD3d 1094, 1096 [2020]).[FN1]
With regard to the second indictment, defendant contends — on direct appeal and on appeal from the denial of his motion to vacate — that he was deprived of the effective assistance of counsel at trial, rendering his subsequent guilty plea not knowing, voluntary and intelligent. First, he faults defense counsel for failing to make a motion to suppress that portion of the liquid seized from the sink p-trap that contained extraneous foreign material. Additionally, defendant argues that defense counsel should have had the liquid independently weighed and tested to determine how much of it was pure methamphetamine for the purpose of demonstrating that the "preparations, compounds, mixtures or substances containing methamphetamine" had an aggregate weight of less than two ounces (Penal Law § 220.18 [2]).
The portion of defendant's ineffective assistance of counsel claim premised upon counsel's trial performance does not implicate the voluntariness of his guilty plea and, as such, does not survive his unchallenged appeal waiver; moreover, it is unpreserved for our review in the absence of an appropriate postallocution motion (see People v Payson, 189 AD3d 1820, 1822 [2020], lv denied 36 NY3d 1099 [2021]; People v Danzy, 182 AD3d 920, 921 [2020], lv denied 35 NY3d 1043 [2020]). As for defendant's claim that defense counsel was ineffective for failing to seek suppression of a portion of the liquid seized from the sink p-trap, such claim survives the unchallenged appeal waiver to the extent that it implicates the voluntariness of his plea; however, it is unpreserved given the absence of an appropriate postallocution motion (see People v Hall, 147 AD3d 1151, 1152 [2017], lv denied 29 NY3d 1080 [2017]). Defendant expressly declined to move to withdraw his guilty plea at sentencing, repeatedly indicating that counsel had done a "good job." The narrow exception to the preservation requirement is inapplicable, as County Court conducted a sufficient further inquiry after defendant made statements inconsistent with his guilt during the plea allocution; defendant conferred with counsel and then unqualifiedly admitted his guilt and entered a guilty plea (see People v Pastor, 28 NY3d 1089, 1090-1091 [2016]; People v Lopez, 71 NY2d 662, 666 [1988]). The [*4]court made clear to defendant that his plea would result in a waiver of trial-related issues including any challenge to the sufficiency of the evidence regarding the aggregate weight of the methamphetamine. Were we to address defendant's ineffective assistance of counsel claims on direct appeal despite the lack of preservation, we would find them to be lacking in merit.
As a final matter, the motion to vacate the judgment with regard to the second indictment was properly denied, without a hearing, as "[t]he moving papers do not allege any ground constituting [a] legal basis for the motion" (CPL 440.30 [4] [a]).
Garry, P.J., Egan Jr., Lynch and Pritzker, JJ., concur.
ORDERED that the judgments and order are affirmed.



Footnotes

Footnote 1: As defendant has not raised any specific arguments related to his appeal from the denial of his CPL 440.10 motion with regard to the first indictment, we deem the appeal to be abandoned to that extent (see People v Brown, 192 AD3d 1260, 1261 n [2021]).