People v Jackson (2022 NY Slip Op 01841)





People v Jackson


2022 NY Slip Op 01841


Decided on March 17, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:March 17, 2022

110307
[*1]The People of the State of New York, Respondent,
v
Keith Jackson, Appellant.

Calendar Date:February 8, 2022

Before:Garry, P.J., Egan Jr., Pritzker, Colangelo and Ceresia, JJ.

Keeley A. Maloney, Albany, for appellant.
Meagan K. Galligan, District Attorney, Monticello (Meagan K. Galligan of counsel), for respondent.



Pritzker, J.
Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered February 23, 2018, convicting defendant upon his plea of guilty of the crime of robbery in the second degree.
Defendant pleaded guilty to robbery in the second degree in satisfaction of a three-count indictment, with the understanding that he would be sentenced to a prison term of no more than 10 years, and he purportedly waived the right to appeal. The charges stemmed from defendant punching and throwing to the ground the 75-year-old victim and then stealing his wallet. County Court thereafter sentenced defendant, as a second violent felony offender, to nine years in prison, to be followed by five years of postrelease supervision. Defendant appeals.
We affirm. Initially, the People concede, and we agree, that defendant did not knowingly, intelligently and voluntarily waive the right to appeal. The written waiver executed by defendant was overbroad, as it conveyed that there was an absolute bar to the pursuit of all potential remedies, including the right to seek postconviction relief in both federal and state courts (see People v Beach, 197 AD3d 1440, 1441 [2021]; People v Barrales, 179 AD3d 1313, 1314 [2020]). Further, County Court did not overcome the overbroad language in the written waiver by "ensuring that defendant understood the distinction that some appellate review survived the appeal waiver" (People v Beach, 197 AD3d at 1441 [internal quotation marks and citation omitted]; see People v Thomas, 34 NY3d 545, 561 [2019]; People v Lafond, 189 AD3d 1824, 1825 [2020], lv denied 36 NY3d 1121 [2021]). Accordingly, the appeal waiver was invalid (see People v Winters, 196 AD3d 847, 848-849 [2021], lvs denied 37 NY3d 1025, 1030 [2021]; People v Mayo, 195 AD3d 1313, 1314 [2021]).
Defendant's challenge to the voluntariness of his plea is unpreserved for our review as the record does not reflect that he made an appropriate postallocution motion, despite having ample opportunity to do so prior to sentencing (see People v Almonte, 179 AD3d 1222, 1224 [2020], lv denied 35 NY3d 940 [2020]; People v Morton, 173 AD3d 1464, 1465 [2019], lv denied 34 NY3d 935 [2019]). Moreover, defendant did not make any statements during the plea colloquy that negated the elements of the crime so as to trigger the narrow exception to the preservation rule (see People v Grainger, 199 AD3d 1070, 1071-1072 [2021]; People v Boudier, 197 AD3d 1361, 1362-1363 [2021], lv denied 37 NY3d 1159 [2022]). Defendant's claim of ineffective assistance of counsel is similarly unpreserved for lack of an appropriate postallocution motion (see People v Morehouse, 183 AD3d 1180, 1183 [2020], lv denied 35 NY3d 1068 [2020]; People v Weidenheimer, 181 AD3d 1096, 1097 [2020]).
Finally, defendant's contention that his sentence is harsh and excessive is unpersuasive. The sentence was within the agreed-upon range and, given defendant's lengthy criminal history and the nature of the crime committed, [*2]we discern no abuse of discretion or extraordinary circumstances warranting a reduction of the sentence in the interest of justice (see People v Woods, 166 AD3d 1298, 1299-1300 [2018], lv denied 33 NY3d 1036 [2019]; People v Hatch, 165 AD3d 1321, 1322 [2018], lv denied 32 NY3d 1125 [2018]). Defendant's remaining claims have been considered and found to be without merit.
Garry, P.J., Egan Jr., Colangelo and Ceresia, JJ., concur.
ORDERED that the judgment is affirmed.