People v Crannell (2023 NY Slip Op 04800)

People v Crannell

2023 NY Slip Op 04800

Decided on September 28, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 28, 2023

112884
[*1]The People of the State of New York, Respondent,
v
Christian M. Crannell, Appellant.

Calendar Date:September 1, 2023

Before:Egan Jr., J.P., Clark, Pritzker, Ceresia and Mackey, JJ.

Marlene O. Tuczinski, Chatham, for appellant, and appellant pro se.
Karen A. Heggen, District Attorney, Ballston Spa (John B. Latella III of counsel), for respondent.

Appeal from a judgment of the Supreme Court (Kathleen B. Hogan, J.), rendered January 20, 2021 in Saratoga County, convicting defendant upon his plea of guilty of the crime of burglary in the second degree.
Defendant was indicted and charged with burglary in the first degree, robbery in the first degree, burglary in the second degree, criminal possession of a weapon in the third degree, criminal mischief in the third degree and two counts of grand larceny in the fourth degree. In full satisfaction of that indictment, defendant was offered the opportunity to plead guilty to burglary in the second degree with the understanding that he would be sentenced to a determinate term of imprisonment ranging from 8 to 12 years followed by five years of postrelease supervision. The plea agreement also required defendant to waive his right to appeal. Defendant pleaded guilty in conformity with the agreement, and Supreme Court sentenced defendant to a prison term of 12 years followed by five years of postrelease supervision. This appeal ensued.
We affirm. The People concede that the written waiver of appeal is invalid as it contains inaccurate and overbroad language, and Supreme Court's oral waiver colloquy is virtually indistinguishable from the explanation of the waiver provided in People v McLaughlin (208 AD3d 1556 [3d Dept 2022], lv denied 39 NY3d 1074 [2023]), which we deemed "insufficient to cure the multiple mischaracterizations in the written waiver or to demonstrate that defendant understood the nature and consequences of the waiver of appellate rights" (id. at 1557 [internal quotation marks and citations omitted]). Accordingly, given the invalid appeal waiver, defendant's challenge to the severity of his sentence is not precluded (see People v Tiggs, 216 AD3d 1357, 1357 [3d Dept 2023], lv denied ___ NY3d ___ [Aug. 29, 2023]). However, upon reviewing the record and considering all of the relevant circumstances, including defendant's extensive criminal history, we do not find the sentence imposed to be unduly harsh or severe (see CPL 470.15 [6] [b]) and decline defendant's invitation to reduce it in the interest of justice (see CPL 470.15 [3] [c]).
Egan Jr., J.P., Clark, Pritzker, Ceresia and Mackey, JJ., concur.
ORDERED that the judgment is affirmed.