People v Moore (2024 NY Slip Op 04636)

People v Moore

2024 NY Slip Op 04636

Decided on September 26, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 26, 2024

113152 113153
[*1]The People of the State of New York, Respondent,
v
Anthony T. Moore Sr., Appellant.

Calendar Date:September 12, 2024

Before:Egan Jr., J.P., Clark, Aarons, Reynolds Fitzgerald and Fisher, JJ.

Martin J. McGuinness, Saratoga Springs, for appellant.
G. Scott Walling, Special Prosecutor, Slingerlands, for respondent.

Reynolds Fitzgerald, J.
Appeals (1) from a judgment of the County Court of Saratoga County (James A. Murphy III, J.), rendered July 23, 2020, convicting defendant upon his plea of guilty of the crime of grand larceny in the third degree, and (2) from a judgment of said court, rendered July 23, 2020, convicting defendant upon his plea of guilty of the crime of grand larceny in the third degree.
Defendant waived indictment and agreed to be prosecuted by two superior court informations charging him with grand larceny in the third degree. The charges stemmed from separate incidents occurring in July 2019 and August 2019 wherein defendant stole a quantity of tobacco products from two businesses in Saratoga County. Defendant subsequently was afforded the opportunity to plead guilty to the charged crimes with the understanding that he would be sentenced to concurrent prison terms of 2 to 6 years.[FN1] In conjunction therewith, defendant would be required to waive both his right to appeal and his right to a restitution hearing and agree to pay restitution in the amount of $4,333 with respect to the July 2019 incident and $5,040 with respect to the August 2019 incident. Defendant pleaded guilty to the charged crimes, and the matter proceeded to sentencing. Although defendant did not contest the amount of restitution or raise any other objection relative thereto at the time of sentencing, counsel did inquire as to whether the subject businesses had filed insurance claims for the losses sustained. Following discussions, counsel and County Court agreed to proceed with sentencing with the understanding that the restitution order would be modified should it subsequently be determined that the businesses had received any insurance proceeds. Against that backdrop, County Court imposed the agreed-upon terms of imprisonment and ordered restitution in the amount of $9,841.65 ($9,373 plus the 5% statutory surcharge) (see Penal Law § 60.27 [8]). These appeals ensued.
We affirm. The People concede — and our review of the record confirms — that defendant's waiver of appeal is invalid. The written waiver contained overbroad language purporting to erect an absolute bar to a direct appeal, and County Court's brief oral explanation of defendant's appellate rights was insufficient to ensure that defendant understood that some appellate review survived (see People v Buchas, 226 AD3d 1217, 1217 [3d Dept 2024]; People v Pike, 226 AD3d 1216, 1216 [3d Dept 2024]; People v Loya, 215 AD3d 1181, 1182 [3d Dept 2023], lv denied 40 NY3d 929 [2023]). In light of the invalid appeal waiver, defendant's challenge to the amount of restitution imposed is not precluded (see People v Schrom, 159 AD3d 1136, 1137 [3d Dept 2018], lv denied 31 NY3d 1087 [2018]; compare People v Valastro, 226 AD3d 1182, 1183 [3d Dept 2024]). That said, defendant's arguments regarding the amount of restitution and/or the sufficiency of the People's proof are unpreserved for our review given that defendant, who expressly waived his right to a [*2]restitution hearing (see People v Hall, 135 AD3d 1246, 1246 [3d Dept 2016], lv denied 27 NY3d 998 [2016]), failed to contest the amount imposed at sentencing or otherwise raise any objection thereto (see People v Valastro, 226 AD3d at 1183; People v Parker, 196 AD3d 970, 971 [3d Dept 2021]; People v Brooks, 196 AD3d 914, 914-915 [3d Dept 2021]; People v Grumberg, 153 AD3d 1525, 1527 [3d Dept 2017]). As noted previously, defendant also voiced no objection to County Court imposing restitution in the agreed-upon sum pending potential modification resulting from the receipt of any insurance proceeds. In any event, the amount of restitution ordered is — contrary to defendant's assertion — supported by the record (see People v Bonfey, 185 AD3d 1091, 1091-1092 [3d Dept 2020]).
Egan Jr., J.P., Clark, Aarons and Fisher, JJ., concur.
ORDERED that the judgments are affirmed.

Footnotes

Footnote 1: Such prison terms also would run concurrently with a prison term to be imposed upon a similar charge in Rensselaer County.