People v Lester (2024 NY Slip Op 05848)

People v Lester

2024 NY Slip Op 05848

Decided on November 21, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 21, 2024

113450
[*1]The People of the State of New York, Respondent,
v
Tyler E. Lester, Appellant.

Calendar Date:October 9, 2024

Before:Garry, P.J., Reynolds Fitzgerald, Fisher, McShan and Powers, JJ.

Lisa A. Burgess, Indian Lake, for appellant, and appellant pro se.
G. Scott Walling, Special Prosecutor, Slingerlands, for respondent.

Garry, P.J.
Appeal from a judgment of the County Court of Saratoga County (James A. Murphy III, J.), rendered May 18, 2020, convicting defendant upon his plea of guilty of the crime of burglary in the second degree (two counts).
Defendant was charged by a nine-count indictment with various offenses involving burglary and theft, including two counts of burglary in the second degree. In satisfaction of the indictment, as well as other charged and uncharged crimes related to additional burglaries and attempted burglaries and a charge received while detained, defendant pleaded guilty to those two top counts and agreed to waive his right to appeal. Consistent with the terms of the plea agreement, defendant was sentenced, as a second felony offender, to two concurrent prison terms of 15 years, to be followed by five years of postrelease supervision. Defendant also agreed to pay restitution in accordance with a presentence report, and an amount of restitution was imposed at sentencing. Defendant appeals.
Initially, as the People concede and our review of the record confirms, defendant's waiver of appeal is invalid. The written waiver, which purports to be an absolute bar to an appeal, is overly broad, and County Court failed to overcome that overbroad language by ensuring during its oral colloquy that defendant understood that some appellate review would survive (see People v Lorman, 214 AD3d 1210, 1210 [3d Dept 2023]; People v Francis, 213 AD3d 1031, 1032 [3d Dept 2023], lv denied 39 NY3d 1154 [2023]). Accordingly, defendant's challenge to the severity of his sentence is not precluded (see People v Pike, 226 AD3d 1216, 1217 [3d Dept 2024]; People v Elston, 217 AD3d 1274, 1275 [3d Dept 2023]). Considering the mitigating factors cited by defendant, together with his extensive criminal history of burglarizing homes, and the fact that the conduct covered by this plea had a significant impact on a total of 13 households invaded by defendant, we find no basis to reduce his sentence in the interest of justice (see CPL 470.15 [3] [c]; [6] [b]; People v Crannell, 219 AD3d 1645, 1646 [3d Dept 2023]).
However, we agree with defendant that it appears County Court impermissibly delegated its authority to the People to determine the amount of restitution owed and that said amount has no factual predicate in the record before us. "Whenever the court requires restitution . . . to be made, the court must make a finding as to the dollar amount of the fruits of the offense and the actual out-of-pocket loss to the victim[s] caused by the offense. In making this finding, the court must consider any victim impact statement provided to the court. If the record does not contain sufficient evidence to support such finding or upon request by the defendant, the court must conduct a hearing upon the issue" (Penal Law § 60.27 [2]; see People v Consalvo, 89 NY2d 140, 144-145 [1996]). At the time of sentencing, the People noted that they had submitted a restitution order for the court to sign[*2]. Seemingly reading from that order, the court ordered defendant to pay restitution in the amount of $773, plus a five percent surcharge in the amount of $38.65, for a total sum of $811.65. The restitution order provided to this Court is not accompanied by any documentation, and neither the presentence report nor the victims' impact statements at sentencing addressed pecuniary losses. Although defendant's failure to object at the time of sentencing renders his restitution arguments unpreserved (see People v Bonfey, 185 AD3d 1091, 1091-1092 [3d Dept 2020]; People v Adams, 153 AD3d 1449, 1451 [3d Dept 2017]), as the record before us does not include any proof to substantiate the amount of restitution ordered, we find it appropriate to exercise our discretion in the interest of justice and remit for the sole purpose of a restitution hearing (see People v Nesbitt, 144 AD3d 1329, 1330 [3d Dept 2016]; People v Lyman, 119 AD3d 968, 970 [3d Dept 2014], lv denied 27 NY3d 1153 [2016]; compare People v Empey, 73 AD3d 1387, 1389 [3d Dept 2010], lv denied 15 NY3d 804 [2010]; People v White, 66 AD3d 1130, 1130-1131 [3d Dept 2009]).
Reynolds Fitzgerald, Fisher, McShan and Powers, JJ., concur.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by reversing so much thereof as ordered restitution; matter remitted to the County Court of Saratoga County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.