■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMON MEDINA-FELIZ, Appellant. [57 NYS3d 475]—

Judgment, Supreme Court, New York County (Neil E. Ross, J.), rendered November 14, 2014, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the second degree and attempted criminal possession of a weapon in the second degree, and sentencing him to concurrent terms of three years, unanimously reversed, on the law, the pleas as to both counts vacated, and the matter remanded for further proceedings.

This is a "rare case" where the preservation requirement for challenges to guilty pleas does not apply because "defendant's factual recitation negate[d] an essential element of the crime pleaded to" and the court "accept[ed] the plea without making further inquiry to ensure that defendant underst[ood] the nature of the charge and that the plea [was] intelligently entered" (*People v Lopez*, 71 NY2d 662, 666 [1988]). The crime of attempted possession of a weapon in the second degree requires that a defendant intend to use the weapon unlawfully against another. However, during the plea colloquy, defendant explicitly, repeatedly and consistently denied any intent to use the weapon against anyone, lawfully or otherwise, at the time the police recovered it or at any other time. The court asked followup questions, but they were ineffectual because defendant's responses only reconfirmed that he expressly denied having the requisite intent. Although an express admission of unlawful intent may not have been necessary in the first place, particularly because such intent is presumed (*see* Penal Law § 265.15 [4]), defendant expressly negated that intent.

Because the promise of concurrent sentences can no longer be fulfilled, defendant is also entitled to vacatur of his plea to possession of a controlled substance (*see People v Rowland*, 8 NY3d 342 [2007]; *People v Pichardo*, 1 NY3d 126 [2003]). Concur—Friedman, J.P., Renwick, Manzanet-Daniels, Kapnick and Gesmer, JJ.