People v Schmidt (2020 NY Slip Op 00643)





People v Schmidt


2020 NY Slip Op 00643


Decided on January 30, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 30, 2020

109359

[*1]The People of the State of New York, Respondent,
v
Troy Schmidt, Appellant.

Calendar Date: January 17, 2020

Before: Garry, P.J., Egan Jr., Clark, Mulvey and Colangelo, JJ.


Matthew A. Toporowski, Albany, for appellant.
David J. Clegg, District Attorney, Kingston (Joan Gudesblatt Lamb of counsel), for respondent.



Colangelo, J.
Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered February 8, 2017, convicting defendant upon his plea of guilty of the crime of aggravated family offense.
In May 2016, defendant was arrested following a domestic disturbance during which he assaulted and attempted to choke his then-fiancÉe. He was charged in a felony complaint with numerous crimes and was placed in the Ulster County jail, where he remained for an extended period of time. While incarcerated, defendant made a pro se motion pursuant to CPL 30.30 to dismiss the criminal action on speedy trial grounds. However, he withdrew that motion during the plea proceedings that followed. He then waived indictment and pleaded guilty to a superior court information charging him with aggravated family offense. He also waived his right to appeal. In accordance with the terms of the plea agreement, defendant was sentenced as a second felony offender to 2 to 4 years in prison. He appeals.
Initially, defendant contends that his guilty plea was not knowing, voluntary and intelligent. Although not precluded by his appeal waiver, this claim has not been preserved for our review as the record does not disclose that defendant made an appropriate postallocution motion despite having an opportunity to do so (see People v Gorman, 165 AD3d 1349, 1349 [2018], lv denied 32 NY3d 1125 [2018]; People v Buck, 136 AD3d 1117, 1118 [2016]). Moreover, the narrow exception to the preservation rule is inapplicable, as defendant did not make any statements during the plea colloquy that were inconsistent with his guilt, negated an essential element of the crime or cast doubt upon the voluntariness of his plea (see People v White, 172 AD3d 1822, 1824 [2019], lv denied 33 NY3d 1110 [2019]; People v Buck, 136 AD3d at 1118).
Defendant's further claim of ineffective assistance of counsel — to the extent that it impacted the voluntariness of his guilty plea — also survives his appeal waiver, but is similarly unpreserved (see People v Gorman, 165 AD3d at 1350; People v Taylor, 144 AD3d 1317, 1318 [2016], lv denied 28 NY3d 1151 [2017]). Insofar as defendant maintains that his counsel was ineffective in failing to pursue a speedy trial claim, this concerns matters outside the record and is more properly the subject of a CPL article 440 motion (see People v Gorman, 165 AD3d at 1350; People v Rutigliano, 159 AD3d 1280, 1281 [2018], lv denied 31 NY3d 1121 [2018]). We have considered defendant's remaining contentions, to the extent that they are properly before us, and find them to be unavailing.
Garry, P.J., Egan Jr., Clark and Mulvey, JJ., concur.
ORDERED that the judgment is affirmed.