People v Willingham (2020 NY Slip Op 02295)





People v Willingham


2020 NY Slip Op 02295


Decided on April 16, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 16, 2020

110280

[*1]The People of the State of New York, Respondent,
v
Joseph Willingham, Appellant.

Calendar Date: February 11, 2020

Before: Egan Jr., J.P., Clark, Aarons, Pritzker and Reynolds Fitzgerald, JJ.


Kathy Manley, Selkirk, for appellant.
P. David Soares, District Attorney, Albany (Emily Schultz of counsel), for respondent.



Pritzker, J.
Appeal from a judgment of the County Court of Albany County (Carter, J.), rendered February 8, 2018, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a weapon in the second degree.
As part of a global disposition of two indictments and another pending charge, defendant pleaded guilty to attempted criminal possession of a weapon in the second degree. In accordance with the terms of the plea agreement, defendant was sentenced, as a second felony offender, to a prison term of three years followed by five years of postrelease supervision. He appeals.
Initially, defendant's challenge to the validity of his plea is not preserved for our review absent evidence of an appropriate postallocution motion (see People v Strack, 177 AD3d 1036, 1037 [2019]; People v Warren, 176 AD3d 1504, 1505 [2019]). Contrary to his assertion, he did not make any statements during the plea colloquy that negated an element of the charged crime (see Penal Law §§ 110.00, 265.03 [3]). Although it is true that, at the time of the plea, defendant stated that he was unaware that the subject weapon was located in the glove compartment of the vehicle in which he was a passenger, he went on to acknowledge that he was a passenger in that vehicle and to expressly admit guilt under a theory of constructive possession (see Penal Law § 10.00 [8]; People v Thomas, 165 AD3d 1636, 1636 [2018], lvs denied 32 NY3d 1129 [2018], cert denied ___ US ___, 140 S Ct 257 [2019]; People v Boyd, 153 AD3d 1608, 1608 [2017], lv denied 30 NY3d 1103 [2018]; People v Worthington, 150 AD3d 1399, 1400-1401 [2017], lv denied 29 NY3d 1095 [2017]). Notably, defendant's guilty plea required neither a recitation of every element of the crime nor a factual explanation for each element (see People v Seeber, 4 NY3d 780, 781 [2005]; People v Hollenbeck, 152 AD3d 974, 975 [2017], lv denied 30 NY3d 1061 [2017]). Moreover, given the applicability of the presumption found in Penal Law § 265.15 (3), the allocution cannot be said to cast significant doubt upon defendant's guilt (see People v Saunders, 2 AD3d 905, 905 [2003], lv denied 1 NY3d 634 [2004]; cf. People v Medina-Feliz, 151 AD3d 603, 603 [2017]; People v Clavie, 28 AD3d 872, 873 [2006]). Thus, the narrow exception to the preservation requirement was not triggered and no further inquiry by County Court was required, as defendant suggests (see People v Lopez, 71 NY2d 662, 666 [1988]).
Egan Jr., J.P., Clark, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed.