People v Blanche (2020 NY Slip Op 03051)





People v Blanche


2020 NY Slip Op 03051


Decided on May 28, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 28, 2020

110957

[*1]The People of the State of New York, Respondent,
v
Reginald Blanche, Appellant.

Calendar Date: March 23, 2020

Before: Egan Jr., J.P., Clark, Devine, Pritzker and Colangelo, JJ.


Stephen W. Herrick, Public Defender, Albany (Leona D. Jochnowitz of counsel), for appellant.
P. David Soares, District Attorney, Albany (Jonathan P. Catania of counsel), for respondent.



Egan Jr., J.P.
Appeal from a judgment of the Supreme Court (Lynch, J.), rendered January 25, 2019 in Albany County, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a controlled substance in the third degree.
In August 2017, a state trooper stopped a vehicle on Interstate 787 in the City of Albany for Vehicle and Traffic Law violations. Defendant was a passenger in the vehicle. After a canine sniff of the vehicle's exterior alerted for the presence of narcotics, the interior of the vehicle was searched and 22 grams of heroin, a quantity of hydrocodone pills and glassine envelopes were retrieved. Defendant and the driver were arrested and thereafter indicted for two counts of criminal possession of a controlled substance in the third degree. Following an unsuccessful motion to suppress the evidence seized from the vehicle, defendant pleaded guilty to one count of attempted criminal possession of a controlled substance in the third degree and was sentenced, as a second felony offender, to a prison term of three years, to be followed by two years of postrelease supervision. Defendant appeals, contending that Supreme Court erred in denying his suppression motion.[FN1]
Defendant does not challenge the legality of the initial traffic stop, but argues that the stop was unlawfully prolonged. According to defendant, once the trooper's check of the driver's license and vehicle registration came back as valid, the trooper should have issued traffic tickets to the driver and terminated the stop. Hence, the argument goes, the subsequent questioning of the driver and defendant, the search of the vehicle and the subsequent seizure of narcotics were illegal. We disagree.
The testimony at the suppression hearing revealed that, on August 21, 2017 at approximately 10:41 p.m., a trooper stopped a black Range Rover on Interstate 787 in the City of Albany for excessive window tint, an obscured license plate and failure to signal a lane change. The vehicle was occupied by Dimitrius Smith, the driver, and defendant. Smith provided the trooper with his license and registration, and a check of these documents revealed that they were valid, but that Smith was on parole. The trooper returned to the vehicle and asked Smith to exit the vehicle so he could explain why he had stopped him and to question him regarding where he was coming from and where he was going. After Smith explained that he and defendant were coming from Pennsylvania after "a couple of days partying," the trooper proceeded to the passenger side of the vehicle, asked defendant to exit, requested his license and briefly asked him "where he was coming from, where he was going to and the purpose of his travels." After defendant indicated that Smith had picked him up in New York City, the trooper ran defendant's license and discovered that he had an open arrest warrant in the City of Troy, Rensselaer County. The trooper requested backup, confirmed the validity of the warrant and thereafter placed defendant under arrest. The trooper subsequently obtained Smith's consent to perform a search of his person but, after Smith declined to provide consent to search the vehicle, the trooper requested the assistance of a canine unit. Upon arrival, an exterior sniff of the vehicle by the canine alerted to the presence of narcotics, and a subsequent search of the interior revealed the subject heroin, hydrocodone and glassine envelopes in a black backpack in the rear seat of the vehicle.
Contrary to defendant's assertion, we do not find that the trooper's conduct constituted an unlawfully prolonged detention. A traffic stop constitutes a limited seizure of a vehicle's occupants and, for such a stop "to pass constitutional muster, the officer's action in stopping the vehicle must be justified at its inception and the seizure must be reasonably related in scope, including its length, to the circumstances which justified the detention in the first instance" (People v Banks, 85 NY2d 558, 562 [1995], cert denied 516 US 868 [1995]; see People v Garcia, 20 NY3d 317, 322-323 [2012]; People v Banks, 148 AD3d 1359, 1360 [2017]). Although Smith's parole status did not constitute a surrender of his constitutional right against unreasonable searches and seizures, "what may be unreasonable with respect to an individual who is not on parole may be reasonable with respect to one who is" (People v Porter, 101 AD3d 44, 47 [2012] [internal quotation marks and citations omitted], lvs denied 20 NY3d 1064, 1065 [2013]). In addition, such status may be appropriately considered in assessing the reasonableness of the trooper's conduct following the initial traffic stop (see People v Banks, 148 AD3d at 1361).
Here, given the discovery of Smith's parole status and the time of the stop, the trooper was within his discretion to have both Smith and defendant exit the vehicle (see People v Robinson, 74 NY2d 773, 774-775 [1989], cert denied 493 US 966 [1989]). The brief ensuing inquiry of Smith and defendant occurred within 10 minutes of the initial stop and was limited to asking nonthreatening, nonaccusatory informational questions regarding both Smith's and defendant's identities and travel plans, which were appropriate under the circumstances (see People v Garcia, 20 NY3d at 322; see generally People v De Bour, 40 NY2d 210, 223 [1976]; People v Hollman, 79 NY2d 181, 184 [1992]), including checking defendant's license (see People v Thomas, 19 AD3d 32, 42 [2005], lv denied 5 NY3d 795 [2005]). Upon learning that defendant had a valid outstanding arrest warrant, coupled with Smith's parole status, the conflicting answers provided by Smith and defendant, and the trooper's observations at the scene — Smith's bloodshot eyes, his admission that he and defendant had been partying all weekend and the lack of luggage within the vehicle to support defendant's travel plans — the trooper had garnered a founded suspicion of criminal activity (see People v Banks, 148 AD3d at 1361-1362; People v Tejeda, 217 AD2d 932, 933-934 [1995], lv denied 87 NY2d 908 [1995]).
Given this well-founded suspicion, the trooper was justified in extending the stop beyond its initial justification and, following Smith's denial of his consent to search the vehicle, summoning a canine unit to perform an exterior sniff of the vehicle (see People v Devone, 15 NY3d 106, 113-114 [2010]; People v Banks, 148 AD3d at 1362). Following the canine's positive alert to the presence of narcotics, the trooper had probable cause to search the interior of the vehicle and ultimately take possession of the narcotics and drug paraphernalia subsequently discovered (see People v Banks, 148 AD3d at 1362; People v Boler, 106 AD3d 1119, 1122 [2013]). In total, it was 44 minutes from the initial stop until defendant's and Smith's arrests and, based on the evolution of the stop, we find this detention reasonably related in scope and length to the escalating series of events so as to justify such detention (see People v Rudolph, 170 AD3d 1258, 1261 [2019], lv denied 34 NY3d 937 [2019]; People v Banks, 148 AD3d at 1361-1362; People v Rainey, 49 AD3d 1337, 1339 [2008], lv denied 10 NY3d 963 [2008]; compare People v Banks, 85 NY2d at 562). Accordingly, we find that Supreme Court properly denied the motion to suppress the evidence seized from the vehicle. To the extent not specifically addressed, defendant's remaining arguments have been reviewed and found to be without merit.
Clark, Devine, Pritzker and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed, and matter remitted to the Supreme Court for further proceedings pursuant to CPL 460.50 (5).



Footnotes

Footnote 1: Defendant did not waive his right to appeal as part of his negotiated plea and, therefore, his challenge survives his guilty plea (see People v James, 155 AD3d 1094, 1095 [2017], lv denied 30 NY3d 1116 [2018]).