People v Rodriguez (2020 NY Slip Op 03955)





People v Rodriguez


2020 NY Slip Op 03955


Decided on July 16, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 16, 2020

111944

[*1]The People of the State of New York, Respondent,
v
Juan J. Rodriguez, Appellant.

Calendar Date: June 11, 2020

Before: Egan Jr., J.P., Lynch, Devine, Pritzker and Reynolds Fitzgerald, JJ.


D.J. & J.A. Cirando, PLLC, Syracuse (John A. Cirando of counsel), for appellant.
Mary Pat Donnelly, District Attorney, Troy (George J. Hoffman Jr. of counsel), for respondent.



Lynch, J.
Appeal from a judgment of the County Court of Rensselaer County (Young, J.), rendered August 31, 2018, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the first degree and criminal possession of a weapon in the second degree.
Defendant was charged by indictment with criminal possession of a controlled substance in the first degree, criminal possession of a controlled substance in the third degree and two counts of criminal possession of a weapon in the second degree following the seizure of cocaine and two loaded handguns during a traffic stop from the vehicle he was driving. After a hearing, County Court denied defendant's motion to suppress the evidence seized from the vehicle. Thereafter, defendant pleaded guilty to criminal possession of a controlled substance in the first degree and criminal possession of a weapon in the second degree. He was sentenced in accord with the plea agreement to a prison term of 15 years, with five years of postrelease supervision, for the controlled substance conviction and a concurrent prison term of seven years, with five years of postrelease supervision, for the weapon conviction. Defendant appeals.
In his brief, defendant concedes that the initial traffic stop was authorized due to a traffic infraction. He maintains, however, that the stop was unlawfully prolonged and that the police lacked a lawful basis to request his consent to search the vehicle. A traffic stop effects a limited seizure of a vehicle's occupants and, "to pass constitutional muster, the officer's action in stopping the vehicle must be justified at its inception and the seizure must be reasonably related in scope, including its length, to the circumstances which justified the detention in the first instance" (People v Banks, 85 NY2d 558, 562 [1995], cert denied 516 US 868 [1995]).
At the suppression hearing, State Trooper Tyler Moffatt testified that, at approximately 9:37 p.m. on January 31, 2018, he pulled over defendant's vehicle on Interstate 90 in Rensselaer County. Defendant was in the driver's seat with one male passenger and stopped the vehicle alongside a guardrail. When Moffatt approached the driver's side and requested defendant's license, he noticed that defendant "had bloodshot eyes" and "a very low tone of voice." After running a license check, which revealed that defendant was on parole, Moffatt called for backup. Moffatt asked defendant to exit the vehicle to answer some "preliminary questions" before conducting field sobriety tests — which defendant did pass. During this exchange, defendant explained that he was returning to the City of Syracuse, Onondaga County after driving his mother to his brother's house near Holyoke, Massachusetts. Defendant also offered that he had not consumed any alcohol or drugs because he was on parole. Defendant first confirmed that his parole officer knew of his travel plans, but "immediately changed his story" after Moffatt said he would contact the parole officer. In the meantime, State Trooper Matthew Spickler arrived as backup within 10 minutes of the initial stop. When Moffatt asked the passenger to exit the vehicle, he learned that the passenger spoke only Spanish. Moffatt arranged for the passenger to speak by cell phone to State Trooper Francisco Cordero, who spoke Spanish. According to Cordero, the passenger explained that they had dropped a younger female off in Massachusetts.
Based on these inconsistencies, Moffatt asked defendant to consent to a search of his vehicle. Defendant verbally consented and signed a written consent, which was in Spanish as defendant explained that he was able to speak but not read English. During the ensuing search, Moffatt and Spickler first located a spent shell casing and, within about 20 minutes, a concealed compartment containing cocaine and two loaded handguns. County Court denied defendant's suppression motion, finding that there was a founded suspicion of criminality that justified Moffatt's request for consent to do the search and that the stop was not unduly lengthy. We agree with this determination. Defendant's parole status was a proper factor to consider in gauging the reasonableness of Moffatt's continued inquiry after the initial stop (see People v Blanche, 183 AD3d 1196, 1198 [2020]; People v Banks, 148 AD3d 1359, 1361 [2017]; People v Porter, 101 AD3d 44, 47 [2012], lvs denied 20 NY3d 1064, 1065 [2013]). That status, coupled with the conflicting responses to basic informational questioning and Moffatt's observation of defendant's bloodshot eyes, provided a reasonable suspicion of criminality for Moffatt's continued questioning up to the point when defendant consented to the search (see People v Blanche, 183 AD3d at 1198-1199; People v Banks, 148 AD3d at 1362; People v Porter, 101 AD3d at 48). Moreover, the time sequence of approximately 30 minutes was within reason.
Defendant's further contention that the People failed to comply with the notice requirements of CPL 710.30 by not disclosing statements that he made to Moffatt was forfeited by his guilty plea (see People v Warren, 176 AD3d 1504, 1505 [2019]). Defendant's assertion that his guilty plea was not knowingly, intelligently and voluntarily made was also not preserved by an appropriate postallocution motion, and no statements were made so as to trigger the narrow exception to the preservation requirement (see People v Willingham, 182 AD3d 803, 804 [2020]; People v Schmidt, 179 AD3d 1384, 1385 [2020]). Finally, defendant maintains, and the People concede, that the certificate of conviction should be amended since it erroneously states that defendant was sentenced as a second felony offender, instead of as a second violent felony offender (see People v Morton, 173 AD3d 1464, 1466 [2019], lv denied 34 NY3d 935 [2019]).
Egan Jr., J.P., Devine, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed, and matter remitted for entry of an amended certificate of conviction.