People v Downs (2021 NY Slip Op 02843)





People v Downs


2021 NY Slip Op 02843


Decided on May 6, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:May 6, 2021

110373
[*1]The People of the State of New York, Respondent,
v
Arcel Downs, Appellant.

Calendar Date:March 10, 2021

Before:Egan Jr., J.P., Aarons, Pritzker, Reynolds Fitzgerald and Colangelo, JJ.

Aaron A. Louridas, Delmar, for appellant.
P. David Soares, District Attorney, Albany (Jonathan P. Cantania of counsel), for respondent.



Colangelo, J.
Appeal from a judgment of the County Court of Albany County (Carter, J.), rendered April 3, 2018, convicting defendant upon his plea of guilty of the crimes of criminal possession of stolen property in the fifth degree and unlawful fleeing a police officer in a motor vehicle in the third degree.
Defendant pleaded guilty to criminal possession of stolen property in the fifth degree and unlawful fleeing a police officer in a motor vehicle in the third degree and purportedly waived the right to appeal. County Court thereafter imposed the agreed-upon sentence of one year of incarceration on each conviction to run consecutively to each other but concurrently with a sentence imposed on another conviction. Defendant appeals.
Initially, we find that defendant's appeal waiver was invalid. "A waiver of the right to appeal is effective only so long as the record demonstrates that it was made knowingly, intelligently and voluntarily" (People v Lopez, 6 NY3d 248, 256 [2006] [citation omitted]; see People v Thomas, 34 NY3d 545, 559 [2019]). As is reflected in the transcript of the plea proceedings during which defendant waived his right to appeal, "County Court did not inform defendant that the right to appeal was separate and distinct from the rights [he] was forfeiting by pleading guilty and did not adequately explain the nature of the waiver or ascertain defendant's knowledge of its ramifications" (People v Williams, 190 AD3d 1192, 1193 [2021]; see People v Alexander, 174 AD3d 1068, 1068 [2019], lv denied 34 NY3d 949 [2019]). Although defendant and defense counsel signed a written appeal waiver, the waiver contained overbroad language as to the legal ramifications of waiving his right to appeal, and County Court did not ensure that defendant had read the waiver, discussed it with counsel or understood its contents (see People v Burnell, 183 AD3d 931, 932 [2020], lv denied 35 NY3d 1043 [2020]; People v Dolder, 175 AD3d 753, 754 [2019]). As such, defendant did not knowingly, intelligently and voluntarily waive his right to appeal (see People v Brito, 184 AD3d 900, 901 [2020]; People v Burnell, 183 AD3d at 932; People v Alexander, 174 AD3d at 1068]).
Defendant's challenge to the voluntariness of his plea is unpreserved for our review in the absence of evidence in the record of an appropriate postallocution motion (see People v Aponte, 190 AD3d 1031, 1032 [2021]; People v Apelles, 185 AD3d 1298, 1299 [2020], lv denied 35 NY3d 1092 [2020]; People v Brito, 184 AD3d at 901; People v Schmidt, 179 AD3d 1384, 1385 [2020]). "Furthermore, the narrow exception to the preservation requirement was not implicated as the record does not disclose that defendant made any statements during the plea colloquy or at sentencing that cast doubt upon his guilt or otherwise called into question the voluntariness of the plea" (People v Botts, 191 AD3d 1044, 1044 [2021] [citation omitted], lv denied ___ NY3d ___ [Mar. 29, 2021]; see People v Rodriguez, 185 AD3d 1233, 1235[*2][2020], lv denied 36 NY3d 975 [2020]; People v Schmidt, 179 AD3d at 1385). Defendant's ineffective assistance of counsel claim — to the extent that it impacts upon the voluntariness of his plea — is unpreserved for our review in the absence of an appropriate postallocution motion (see People v Harrington, 185 AD3d 1301,1302 [2020]; People v Johnson, 170 AD3d 1274, 1275 [2019]). To the extent that defendant claims that counsel was ineffective for failing to adequately explain the ramifications of the waiver of appeal, such claim is rendered moot as a result of our determination that the appeal waiver was invalid.
Next, we reject defendant's challenge to County Court's Molineaux ruling, which would have permitted the People, had defendant testified, to introduce evidence of uncharged crimes and bad acts that allegedly took place at the time of defendant's arrest. "[D]efendant's entry of a valid guilty plea forfeited his right to challenge any aspect of County Court's evidentiary Molineaux ruling" (People v Bowden, 177 AD3d 1037, 1038-1039 [2019] [internal quotation marks, brackets and citations omitted], lv denied 34 NY3d 1157 [2020]).
Defendant finally contends that the sentence imposed was harsh and excessive. Initially, we note that, given the invalidity of the appeal waiver, his challenge to the severity of his sentence is not foreclosed (see People v Williams, 190 AD3d at 1193; People v Cruz, 186 AD3d 932, 933 [2020], lv denied 35 NY3d 1112 [2020]). "It is well settled that a sentence that falls within the permissible statutory ranges will not be disturbed unless it can be shown that the sentencing court abused its discretion or that extraordinary circumstances exist warranting a modification in the interest of justice" (People v Barzee, 190 AD3d 1016, 1021-1022 [2021] [internal quotation marks and citations omitted], lv denied ___ NY3d ___ [Mar. 25, 2021]; see People v Stone, 164 AD3d 1577, 1578 [2018]). By virtue of the plea bargain, defendant was convicted of two class A misdemeanors, was sentenced within the statutory range and avoided being convicted of a felony and sentenced as a predicate felon. In light of these facts and defendant's extensive criminal history, we find no extraordinary circumstances or abuse of discretion warranting a modification of the sentence in the interest of justice (see People v Rodriguez, 185 AD3d 1296, 1297 [2020]; People v Cancer, 185 AD3d 1353, 1354 [2020]; People v Sindoni, 175 AD3d 750, 750-751 [2019]).
Egan Jr., J.P., Aarons, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed.