People v Sykes (2022 NY Slip Op 02586)

People v Sykes

2022 NY Slip Op 02586

Decided on April 21, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 21, 2022

112181
[*1]The People of the State of New York, Respondent,
v
Eric Sykes, Appellant.

Calendar Date:March 21, 2022

Before:Garry, P.J., Pritzker, Reynolds Fitzgerald, Ceresia and Fisher, JJ.

Edward S. Graves, Indian Lake, for appellant.
Andrew J. Wylie, District Attorney, Plattsburgh (Jaime A. Douthat of counsel), for respondent.

Fisher, J.
Appeal from a judgment of the County Court of Clinton County (Favreau, J.), rendered August 29, 2019, convicting defendant upon his plea of guilty of the crimes of burglary in the first degree, burglary in the second degree, attempted robbery in the first degree and attempted robbery in the second degree (two counts).
Following an unsuccessful attempt to steal marihuana from the occupants of a residence in Clinton County, defendant was indicted and charged with burglary in the first degree, burglary in the second degree, attempted robbery in the first degree and attempted robbery in the second degree (two counts). During the course of the incident, defendant was stabbed by one of the victims. After initially rejecting the People's plea offers, defendant pleaded guilty to the entire indictment without a sentencing commitment from County Court. When the parties returned for sentencing, defendant asserted that he had been denied the effective assistance of counsel and requested a new attorney. County Court denied defendant's request for substitute counsel and sentenced defendant to a prison term of six years followed by five years of postrelease supervision upon his conviction of burglary in the first degree and to lesser determinate terms of imprisonment upon the remaining convictions — all sentences to be served concurrently. This appeal ensued.
Defendant's challenge to the voluntariness of his plea is premised upon defense counsel's alleged failure to turn over certain discovery materials — specifically, supporting depositions authored by two police detectives that, in turn, indicated that the victims identified someone other than defendant as the likely perpetrator of the crimes. Such claim, however, is unpreserved for our review in the absence of an appropriate postallocution motion, despite defendant having an opportunity to do so prior to sentencing (see People v Dickerson, 198 AD3d 1190, 1192-1193 [2021]; People v Weidenheimer, 181 AD3d 1096, 1097 [2020]). The narrow exception to the preservation requirement was not implicated here, as defendant did not make any statements during the plea colloquy that negated an element of the charged crimes, were inconsistent with his guilt or otherwise called into question the voluntariness of his plea (see People v Nack, 200 AD3d 1197, 1198 [2021]; People v Downs, 194 AD3d 1118, 1119 [2021], lv denied 37 NY3d 971 [2021]).
Nor are we persuaded that defendant's statements at the time of sentencing were sufficient to trigger the exception to the preservation requirement, thereby imposing a duty of further inquiry upon County Court. When he appeared for sentencing, defendant advised County Court that, upon reviewing certain unspecified discovery materials, he had "seen some things . . . that [were not] right." Defendant did not elaborate as to the substance of the alleged irregularities, advise the court that the materials in question contained potentially exculpatory evidence, indicate that he [*2]wished to withdraw his plea, claim that he was actually innocent or otherwise make any statements that were inconsistent with his prior sworn admissions of guilt. Contrary to defendant's assertion, his generalized comments regarding the discovery materials did not "raise a legitimate question about the voluntariness of [his] plea" (People v Philip, 200 AD3d 1108, 1109 [2021] [internal quotation marks and citation omitted]) and, hence, did not impose a duty of further inquiry upon County Court (compare People v Skyers, 173 AD3d 1565, 1565-1566 [2019]; People v Chin, 160 AD3d 1038, 1039-1040 [2018]).
To the extent that defendant's ineffective assistance of counsel claim impacts upon the voluntariness of his plea, it is similarly unpreserved for our review (see People v Vivona, 199 AD3d 1165, 1166 [2021]; People v Drake, 179 AD3d 1221, 1222 [2020], lv denied 25 NY3d 941 [2020]), and we again are unpersuaded — for the reasons previously discussed — that the narrow exception to the preservation requirement was triggered (see People v Nack, 200 AD3d at 1198; People v Downs, 194 AD3d at 1119). The balance of defendant's ineffective assistance of counsel claim, including counsel's asserted failure to, among other things, properly investigate defendant's case, obtain his medical records, explore whether he was impaired when he made incriminating statements to law enforcement and/or consult with him on a regular basis, involve matters outside of the record and, as such, are more properly the subject of a CPL article 440 motion (see People v Weidenheimer, 181 AD3d at 1097; People v White, 172 AD3d 1822, 1824 [2019], lv denied 33 NY3d 1110 [2019]).
Defendant next contends that County Court erred in denying his request for new counsel based upon a conflict of interest. As noted previously, defendant asked for new counsel at the time of sentencing due to counsel's alleged failure to turn over certain then-unspecified discovery materials. At County Court's behest, defense counsel then outlined the course of his representation of defendant, defended his efforts on defendant's behalf and asked that the court deny defendant's request for new counsel. Defendant contends that, in so doing, defense counsel took a position adverse to defendant and, hence, County Court was compelled to adjourn sentencing and assign new counsel.
Although counsel may be said to take a position adverse to his or her client by stating that the client's motion lacks merit, he or she "does not create an actual conflict merely by outlining his [or her] efforts on [the] client's behalf . . . and defending his [or her] performance" (People v Washington, 25 NY3d 1091, 1095 [internal quotation marks, emphasis and citations omitted]; compare People v Phillip, 200 AD3d at 1109-1110). In the context of recounting his history of representing defendant, defense counsel did not affirmatively state that defendant's request for new counsel lacked a factual or legal basis (compare People v Thaxton[*3], 191 AD3d 1166, 1168-1169 [2021], lv denied 37 NY3d 960 [2021], with People v Phillip, 200 AD3d at 1109-1110). Even assuming, without deciding, that counsel — by asking County Court to deny defendant's request — "strayed beyond a factual explanation of his efforts on [defendant's] behalf" (People v Washington, 25 NY3d at 1095), we are not persuaded that counsel's comments created an actual conflict of interest that, in turn, warranted the assignment of new counsel for purposes of sentencing (see People v Thaxton, 191 AD3d at 1168). Indeed, defense counsel — noting that the People had recommended a sentencing cap of seven years — successfully advocated for leniency at the time of sentencing, with County Court sentencing defendant to a prison term of six years upon his conviction of burglary in the first degree and to lesser determinate terms of imprisonment on the remaining crimes.
As a final matter, the People concede that the crimes of conviction were committed through a single act. Hence, once County Court imposed a fine upon defendant's conviction of burglary in the first degree, it erred in imposing separate fines upon each of the remaining crimes (see Penal Law § 80.15; see generally People v Regatuso, 140 AD3d 1750, 1751 [2016]). Accordingly, the judgment of conviction is modified to that extent.
Garry, P.J., Pritzker, Reynolds Fitzgerald and Ceresia, JJ., concur.
ORDERED that the judgment is modified, on the law, by reducing the total fine imposed to $1,000, and, as so modified, affirmed.