People v Morse (2025 NY Slip Op 01136)

People v Morse

2025 NY Slip Op 01136

Decided on February 27, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 27, 2025

CR-24-0976
[*1]The People of the State of New York, Respondent,
v
Anthony J. Morse, Appellant.

Calendar Date:January 14, 2025

Before:Aarons, J.P., Pritzker, Lynch, Ceresia and Powers, JJ.

Cambareri & Brenneck, Syracuse (Melissa K. Swartz of counsel), for appellant.
F. Paul Battisti, District Attorney, Binghamton (Joann Rose Parry of counsel), for respondent.

Powers, J.
Appeal from a judgment of the County Court of Broome County (Joseph Cawley, J.), rendered November 22, 2023, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a weapon in the second degree.
In September 2022, an officer of the Binghamton Police Department initiated a traffic stop of defendant's vehicle based upon that officer's knowledge that defendant was driving without a valid license. The officer requested consent to search the vehicle during this stop, which defendant implicitly denied. However, defendant made certain incriminating statements at this time. Based thereon, the vehicle was searched, revealing a firearm, and defendant was arrested. Defendant was charged by indictment with criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree and criminal possession of a controlled substance in the seventh degree. After County Court denied that aspect of defendant's motion seeking to suppress the firearm, though granting suppression of other evidence,[FN1] defendant pleaded guilty to a reduced charge of attempted criminal possession of a weapon in the second degree. In accordance with the plea agreement, the court sentenced defendant, as a second violent felony offender, to a prison term of six years, to be followed by five years of postrelease supervision. Defendant appeals.
Defendant passingly claimed before County Court that the traffic stop "was anything but . . . routine." However, he argues before this Court that there was no permissible basis to initiate a traffic stop in the first instance because the officer's information regarding the status of his driver's license was "stale," and the officer did not testify explicitly as to whether the tag he observed hanging from the rearview mirror caused an obstruction in violation of Vehicle and Traffic Law § 375 (30). While the court did address the validity of the initial stop, it did so in the context of whether the officer's suspicion that defendant may be engaged in illicit drug activity negated the permissible basis for the stop, finding that it did not. Accordingly, this aspect of defendant's present argument is unpreserved for review by this Court, as defendant did not raise it as a ground for suppression, and his general objection was insufficient to preserve the issue for review since the court below did not "expressly decide[ ] the question raised on appeal" (CPL 470.05 [2]; see People v Parker, 32 NY3d 49, 57 [2018]; People v Morey, 231 AD3d 1363, 1364 [3d Dept 2024]). Nevertheless, we find that the record supports County Court's determination that the traffic stop was justified at its inception as there was probable cause to believe that defendant had committed a traffic violation (see People v Rodriguez, 41 NY3d 1, 8 [2023]; People v Hinshaw, 35 NY3d 427, 430 [2020]; People v Gray, ___ AD3d ___, ___, 225 NYS3d 450, 456 [3d Dept 2025]).
As to defendant's remaining challenges to County Court's [*2]denial of his motion to suppress, "a police officer may request consent to search a vehicle if, during a traffic stop, the officer develops a founded suspicion that criminality is afoot" (People v Medina, 209 AD3d 1059, 1061 [3d Dept 2022] [internal quotation marks, brackets and citation omitted], affd 40 NY3d 1022 [2023]; see People v Blandford, 190 AD3d 1033, 1036 [3d Dept 2021], affd 37 NY3d 1062 [2021]). The officer who conducted the traffic stop testified that defendant was in a location of known narcotic activity and, when he initiated the emergency lights on the patrol vehicle, defendant continued to drive for a distance before coming to a stop. The officer further noted that defendant and the vehicle's passenger exhibited furtive movements, constricted pupils — a sign of opiate use — and provided inconsistent answers when asked where they were coming from and going. Based upon these observations during the traffic stop, we find that the officer had founded suspicion that criminal activity was afoot, allowing him to request consent to search the vehicle (see People v Medina, 209 AD3d at 1062; People v Cooper, 199 AD3d 1061, 1062 [3d Dept 2021], lv denied 38 NY3d 926 [2022]; People v Sanders, 185 AD3d 1280, 1282 [3d Dept 2020], lv denied 35 NY3d 1115 [2020]; cf. People v Weigand, 224 AD3d 1164, 1166 [3d Dept 2024]). Although defendant denied consent to search the vehicle, he made incriminating statements regarding his knowledge that there was stolen property in the vehicle immediately after his denial. Defendant then confirmed his awareness of the presence of the firearm in the vehicle only a brief time later. These admissions provided reasonable suspicion that defendant was engaged in criminal activity (see People v Thomas, 42 NY3d 236, 240 [2024]). Considering the foregoing facts, and that it was approximately 12 minutes from commencement of the traffic stop to when defendant confirmed that there was a firearm in the vehicle and provided its location, his claim that the stop was unreasonably prolonged is without merit (see People v Hodge, 206 AD3d 1682, 1684 [4th Dept 2022]; People v Blanche, 183 AD3d 1196, 1199 [3d Dept 2020], lv denied 35 NY3d 1064 [2020]; People v Rudolph, 170 AD3d 1258, 1261 [3d Dept 2019], lv denied 34 NY3d 937 [2019]). Accordingly, County Court did not err in denying defendant's motion to suppress the firearm.
Despite the existence of certain mitigating factors, in view of defendant's status as a second violent felony offender, that the negotiated sentence resolved multiple charges and was only a year above the statutory minimum, we do not find the sentence imposed to be unduly harsh or severe (see CPL 470.15 [6] [b]; People v Michael LL., 232 AD3d 997, 999-1000 [3d Dept 2024]; People v Vazquez, 222 AD3d 1104, 1105-1106 [3d Dept 2023], lv denied 41 NY3d 944 [2024]).
Aarons, J.P., Pritzker, Lynch and Ceresia, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: County Court granted that aspect of defendant's motion seeking to suppress the results of the search of his person postarrest based upon the failure to provide Miranda warnings.