People v Brown-Shook (2026 NY Slip Op 00172)

People v Brown-Shook

2026 NY Slip Op 00172

Decided on January 15, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 15, 2026

CR-23-1336
[*1]The People of the State of New York, Respondent,
vSalina Brown-Shook, Appellant.

Calendar Date:November 17, 2025

Before:Garry, P.J., Clark, Aarons, McShan and Mackey, JJ.

Amanda FiggsGanter, Albany, for appellant.
Mary Pat Donnelly, District Attorney, Troy (Michael Allain of counsel), for respondent.

Aarons, J.
Appeal from a judgment of the County Court of Rensselaer County (Debra Young, J.), rendered January 27, 2023, convicting defendant upon her plea of guilty of the crimes of assault in the second degree and criminal possession of a weapon in the third degree.
Defendant was charged in a November 2020 indictment with assault in the second degree and criminal possession of a weapon in the third degree as the result of a New Year's Day 2020 altercation with the victim, her former romantic partner, in which she stabbed and cut him with a knife. The victim was murdered after that altercation and, given the indications that defendant's then-current romantic partner was the perpetrator, the People made clear that they were "open to a wide array of discussions to resolve [defendant's] case" if she cooperated in the homicide prosecution against him. Defendant instead failed to appear for a court appearance in June 2021 and, given her counsel's lack of knowledge of her whereabouts, a bench warrant was issued for her arrest. Defendant was apprehended and, in November 2021, was remanded without bail.
In February 2022, defendant exercised her right to plead guilty to the entire indictment. Although that plea was not the result of an agreement with the People, it was made with the understanding that County Court would set reasonable bail pending sentencing and give defendant the opportunity to both get her affairs in order and apply for alternative sentencing under the Domestic Violence Survivors Justice Act (see Penal Law § 60.12, as amended by L 2019, ch 31, § 1; L 2019, ch 55, part WW, § 1). Defendant also waived her right to appeal. County Court set bail and, following a hearing, granted defendant's application for alternative sentencing. Thereafter, in January 2023, County Court imposed concurrent sentences that amounted to two years in prison, to be followed by three years of postrelease supervision. Defendant appeals.
We reverse. Defendant's challenge to the voluntariness of her guilty plea survives her unchallenged appeal waiver, but is unpreserved in the absence of an appropriate postallocution motion (see People v Harrigan, 239 AD3d 1153, 1154-1155 [3d Dept 2025]; People v Nolan, 224 AD3d 996, 997 [3d Dept 2024], lv denied 42 NY3d 929 [2024]; People v Chin, 160 AD3d 1038, 1039 [3d Dept 2018]). Defendant made no statements during the plea colloquy or at sentencing that negated an element of the crimes to which she pleaded guilty, raised the possibility of a particular defense or suggested an involuntary plea so as to implicate the narrow exception to the preservation rule (see People v Byrd, 239 AD3d 1146, 1147 [3d Dept 2025]; People v Quarterman, 238 AD3d 1385, 1386 [3d Dept 2025]; People v Van Alstyne, 220 AD3d 1105, 1106 [3d Dept 2023]). That said, the narrow exception to the preservation rule is implicated whenever a defendant "negate[s] an element of the crime to which a plea has been entered or make[s] [a] statement[ ] suggestive of an involuntary [*2]plea" in open court between the plea and sentencing, obliging the trial court to "conduct a further inquiry or give the defendant an opportunity to withdraw the plea" (People v Gresham, 151 AD3d 1175, 1178 [3d Dept 2017]; see People v McKennion, 27 NY2d 671, 672-673 [1970]; People v Dupree, 235 AD3d 120, 123-124 [1st Dept 2025]; People v Neithardt, 127 AD3d 1502, 1503 [3d Dept 2015]).
Here, defendant testified at the postplea hearing on her application for alternative sentencing that the victim was the aggressor in the New Year's Day altercation that led to the charges against her. She specifically described how she was residing with the victim on that day and how the victim became enraged when she took some of his marihuana, punching her forcefully enough that she fell to the floor. The victim then choked her while she lay prone on the floor and destroyed her cell phone by throwing it against the wall, after which she was able to get the victim off of her and tried to flee. It was only when the victim pursued her and pulled her back into the residence by her hair, according to defendant, that she saw and grabbed a kitchen knife that was lying in the open and stabbed him several times while they were "tussling" for it. She added that she had grabbed the knife in "self-defense" and did not "want to hurt [the victim] in any way," with her sole goal being "to get out of the house" without sustaining any additional injuries.
The foregoing testimony suggested that defendant lacked the intent to either cause serious physical injury as required to commit assault in the second degree or to use the knife unlawfully against the victim as required to commit criminal possession of a weapon in the third degree (see Penal Law §§ 120.05 [2]; 265.01 [2]; 265.02 [1]; see also People v Edwards, 39 AD3d 1078, 1080 [3d Dept 2007]). It further suggested a plausible justification defense to the assault charge that was not specifically discussed during the plea colloquy (see People v Chin, 160 AD3d at 1039-1040). In view of this testimony, County Court was obliged to make further inquiry about that plea or give defendant the opportunity to withdraw it. The court failed to do either. Thus, we reverse the judgment and remit for further proceedings (see People v Skyers, 173 AD3d 1565, 1565-1566 [3d Dept 2019]; People v Chin, 160 AD3d at 1039-1040). Defendant's remaining arguments are rendered academic by the foregoing.
McShan and Mackey, JJ., concur.
Clark, J. (dissenting). We respectfully dissent. Defendant's challenge to the validity of the plea is unpreserved for appellate review and the narrow exception to the preservation rule was not triggered in this case. In our view, there is no valid basis to vacate defendant's plea.
As noted by the majority, "[w]hen a defendant pleads guilty to a crime, he or she generally must move to withdraw the plea or otherwise object to its entry prior to the imposition of sentence to preserve a challenge to the validity of the plea [*3]for appellate review" (People v Williams, 27 NY3d 212, 214 [2016]; see People v Scott, ___ NY3d ___, 2025 NY Slip Op 01562, *2 [2025]; People v Lopez, 71 NY2d 662, 665-666 [1988]). This preservation requirement provides "the court that accepted the plea 'the opportunity to address the perceived error and to take corrective measures' in the first instance" (People v Scott, ___ NY3d at ___, 2025 NY Slip Op 01562, *2, quoting People v Louree, 8 NY3d 541, 545 [2007]), thereby conserving "limited judicial resources and avoid[ing] untoward delay in the resolution of criminal proceedings" (People v Lopez, 71 NY2d at 665 [internal quotation marks and citation omitted]; accord People v Delorbe, 35 NY3d 112, 119 [2020]). The rule also "protects the very real interest of the State in achieving finality in a criminal prosecution" (People v Delorbe, 35 NY3d at 119 [internal quotation marks and citations omitted]).
Explaining that "the necessity of preservation is the rule rather than the exception" (People v Williams, 27 NY3d at 219), the Court of Appeals has carved out a narrow exception to the preservation requirement in the "rare case" where a "defendant's recitation of the facts underlying the crime pleaded to clearly casts significant doubt upon [his or her] guilt[, negates an essential element of the crime pleaded to], or otherwise calls into question the voluntariness of the plea" (People v Lopez, 71 NY2d at 666). In that circumstance, "the court's attention should have been instantly drawn to the problem, and the salutary purpose of the preservation rule is . . . not jeopardized," thereby imposing upon the court a sua sponte duty of further inquiry to "ensure that [the] defendant's guilty plea is knowing and voluntary" (id.).
On February 18, 2022, defendant appeared in court with counsel, who confirmed that defendant wished to plead guilty to both counts in the indictment with the understanding that bail would be set and sentencing adjourned for the purpose of "put[ting] together a case" for a reduced sentence under the Domestic Violence Survivors Justice Act (hereinafter the DVSJA) (see CPL 440.47; Penal Law § 60.12). County Court agreed to "proceed in that fashion," and defendant then pleaded guilty to both counts in the indictment, assuring the court that she had spoken with her attorney about any possible defenses and that she wished to give up her right to a jury trial. County Court set bail and adjourned the matter accordingly.
In accordance with the agreement, on December 6, 2022, defendant filed an application for alternative sentencing under the DVSJA. A hearing on defendant's application was held on December 23, 2022 before the same trial judge who accepted defendant's plea. Prior to the taking of testimony, County Court noted that defendant had pleaded guilty and that "the parties agreed that . . . defendant would request . . . an alternative sentence pursuant to Penal Law [§ 60.12]." During the hearing, defendant acknowledged her guilty [*4]plea on two occasions and, in an attempt to establish her entitlement to alternative sentencing under the statute, testified that she was a victim of domestic violence at the time of the underlying event and had grabbed a knife and stabbed the victim in the back in self-defense. Defendant also testified that any time she fought back against one of her previous abusive boyfriends, she did so in self-defense.
On January 10, 2023, County Court issued a written decision on defendant's DVSJA application, finding that defendant "me[t] the criteria for a reduced sentence pursuant to [Penal Law] § 60.12" and that a prison term of between two and three years, with a period of postrelease supervision, was appropriate. On January 27, 2023, defendant appeared in court for sentencing on the plea. Prior to imposing sentence, County Court inquired whether defense counsel wished to make a statement and, in response, counsel advocated for the imposition of "the minimum sentence allowable under the law." The court also provided defendant with an opportunity to make a statement, and she confirmed that she did not wish to do so. County Court thereafter sentenced defendant, "in the interest of justice . . . based upon [its] findings after the [DVSJA] hearing," to an aggregate prison term of two years, to be followed by three years of postrelease supervision, a sentence that was not authorized without the finding that defendant met the criteria for compassionate resentencing under the DVSJA.[FN1]
At no point during the 11-month period between the entry of the plea and the imposition of sentence did defendant move to withdraw her plea or otherwise object to its entry. Accordingly, there is no dispute that defendant's challenge to the validity of the plea is unpreserved for appellate review. Moreover, this is not a situation where a defendant raises questions or makes statements to a trial judge that call into question the voluntariness of the plea and the trial judge ignores the questions or comments (compare People v Pastor, 28 NY3d 1089, 1090 [2016]; People v McKennion, 27 NY2d 671, 672-673 [1970]; People v Beasley, 25 NY2d 483, 488 [1969]; People v Skyers, 173 AD3d 1565, 1565-1566 [3d Dept 2019]; People v Chin, 160 AD3d 1038, 1039-1040 [3d Dept 2018]; People v Gresham, 151 AD3d 1175, 1178 [3d Dept 2017]). To the contrary, defendant's statements during the DVSJA hearing did not signify a lack of understanding about the nature of the charges to which she pleaded guilty or that her plea was involuntary. We are mindful that defendant's statements during the hearing suggest that she had a potential justification defense, but the hearing was contemplated by the plea agreement itself, the statements were made for the purpose of establishing defendant's entitlement to a reduced sentence under Penal Law § 60.12 and defendant twice reaffirmed her plea during the hearing. Notably, at the end of the hearing, defense counsel expressly stated that defendant had "knowingly plea[ded guilty[*5]] to the indictment." Under these particular circumstances and when considered in context, defendant's postplea statements "did not raise a legitimate question about the voluntariness of [defendant's] plea" (People v Sykes, 204 AD3d 1244, 1246 [3d Dept 2022] [internal quotation marks and citations omitted], lv denied 38 NY3d 1136 [2022]) so as to impose upon the court a duty of further inquiry to ensure that the plea was knowing, voluntary and intelligent (see People v Lopez, 71 NY2d at 666; compare People v Pastor, 28 NY3d at 1090; People v Skyers, 173 AD3d at 1565-1566; People v Chin, 160 AD3d at 1039).
Garry, P.J., concurs.
ORDERED that the judgment is reversed, on the law, and matter remitted to the County Court of Rensselaer County for further proceedings not inconsistent with this Court's decision.

Footnotes

Footnote 1: The Incarcerated Lookup website maintained by the Department of Corrections and Community Supervision reflects that defendant has served her sentence and was released to parole supervision on June 13, 2024.